No. 40,818

State of Kansas, *Appellee,* v. Ivan Thomas Gibler, *Appellant.*

(322 P. 2d 829)

Opinion filed March 8, 1958.

*Milton P. Allen,* of Lawrence, argued the cause, and *John B. Pierson,* of Ottawa, was with him on the briefs for the appellant.

*Thomas E. Gleason,* of Ottawa, argued the cause, and *John Anderson, Jr.,* attorney general, *Donald L. White,* county attorney, and *Douglas Gleason,* of Ottawa, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant was tried on an information charging him with the crime of manslaughter in the fourth degree (G. S. 1949, 21-420). From a conviction of driving a vehicle within this state while under the influence of intoxicating liquor (G. S. 1949, 8-530), he appeals.

The only question presented by defendant for review is whether the latter offense is a lesser included offense of the former one, as charged in the information.

G. S. 1949, 21-420 reads:

"Every other killing of a human being, by the act, procurement or culpable negligence of another, which would be manslaughter at the common law, and which is not excusable or justifiable, or is not declared in this article to be manslaughter in some other degree, shall be deemed manslaughter in the fourth degree."

G. S. 1949, 8-530 provides in pertinent part:

"(a) It is unlawful and punishable as provided in subdivision (b) of this section for . . . any person who is under the influence of intoxicating liquor . . . to drive any vehicle within this state. (b) Every person who is convicted of a violation of this section shall be punished by imprisonment for not more than one year, or by a fine of not less than $100 nor more than $500, or by both such fine and imprisonment. . . ."

The information upon which the defendant was tried charged manslaughter in the fourth degree, in that defendant wilfully and unlawfully, feloniously and with culpable negligence, drove his automobile at a high and dangerous rate of speed upon a highway within the state while under the influence of intoxicating liquor and

in such a careless and negligent manner as to indicate a wilful, wanton and negligent disregard for the safety of others, and with culpable negligence drove his car into a culvert with such force and violence that one Seth Welch, a passenger in the vehicle, died as a result of injuries caused by the culpable negligence of defendant.

The landmark case upon the manslaughter statute is *State v. Custer*, 129 Kan. 381, 282 Pac. 1071, 67 A. L. R. 909, which contains our court's definition of what constitutes manslaughter at common law for the purposes of applying G. S. 1949, 21-420; *i. e.*, if death results from unlawful conduct amounting to a misdemeanor denounced by statute for the purpose of protecting human life and safety and the death would not have resulted except for the unlawful conduct, the killing would be manslaughter at common law. It was also stated that manslaughter committed by act, procurement or culpable negligence, which would be manslaughter at common law, is a statutory crime, and the information may charge killing by unlawful act or by culpable negligence, stating the facts. The same conclusion was reached by this court in *State v. Spohr*, 171 Kan. 129, 230 P. 2d 1013; and *State v. Champ*, 172 Kan. 737, 242 P. 2d 1070. It is thus shown that in charging manslaughter under the statute, the information may contain allegations of unlawful conduct amounting to a misdemeanor denounced by a statute or statutes for the purpose of protecting human life and safety. (*State v. Bowser*, 124 Kan. 556, 261 Pac. 846.)

Whenever a person is charged upon an information with the commission of an offense under one section of the statutes and the offense as thus charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense. In *State v. Way*, 76 Kan. 928, 93 Pac. 159, a conviction for an offense less than that defined in the statute upon which a prosecution is primarily based may be sustained if the information alleges the existence of all the essential facts constituting such an offense.

In *State v. Champ*, supra, this court said:

. "Our cases have consistently held that where one is prosecuted for manslaughter in the fourth degree under 21-420 the evidence may be such that the court is required to give an instruction upon negligent homicide under 8-529, or on reckless driving under 8-531. *State v. Gloyd*, 148 Kan. 706, syl. 4, ·84 P. 2d 966; *State v. Phelps*, 151 Kan. 199, 206, 97 P. 2d 1105 (see same

case on second appeal, 153 Kan. 337, 110 P. 2d 755); *State v. Goetz*, 171 Kan. 703, 706, 237 P. 2d 246."

It would seem contrary to and inconsistent with these holdings to say that an instruction on and a conviction under G. S. 1949, 8-530 were improper in circumstances in which, if reckless driving were involved, instructions under G. S. 1949, 8-531 would be required. Defendant has not pointed out how or why the rule should be different when driving under the influence, rather than reckless driving, is the basis for the manslaughter charge, nor have any cases pointing out a reason for any distinction been found.

It is obvious that the information in the instant case alleged facts which constituted a misdemeanor under G. S. 1949, 8-530; that is, the driving of a vehicle within the state while under the influence of intoxicating liquor. Under the rule of *State v. Way*, supra, since the information properly alleged the essential elements of an offense under section 8-530 and since it is not questioned that the evidence introduced at the trial was sufficient to support each element, it is apparent that a conviction under this section was proper and must be sustained. The judgment is affirmed.

It is so ordered.