(575 P.2d 900)

No. 49,103

STATE OF KANSAS, *Appellee,* v. JOHN ALLEN KLEBER, JR., *Appellant.*

Petition for review denied May 5, 1978.

Opinion filed March 10, 1978.

*William D. Mize,* District Public Defender, for appellant.

*William Rex Lorson,* County Attorney, and *Curt T. Schneider,* Attorney General, for appellee.

Before REES, P.J., SWINEHART and MEYER, JJ.

REES, J.: This is an appeal from a conviction for aggravated battery (K.S.A. 21-3414). We affirm.

On January 13, 1977, defendant approached four young men in a Salina tavern and offered to sell them some marijuana. Among the four men were William Enright and Terry Main, the victim of the battery. Defendant's offer was initially refused; but, after further conversations, Main and Enright agreed to purchase. Main, Enright and the defendant drove, in Main's car, to an apartment house where Main and Enright gave the defendant

$130. Defendant entered the apartment house alone, ostensibly to purchase the marijuana, and did not return. When Main and Enright realized they had been taken, they began searching for the defendant in local bars. Ultimately they rediscovered defendant at the tavern where the three had initially met.

Main and Enright demanded their money but were informed that the money was at the defendant's trailer. Defendant indicated that he would get the money and return to the tavern, in the meantime leaving his friend, Gary Lemon, with Main and Enright as security. After waiting a short time in vain for the defendant to return, Main, Enright and Lemon walked the short distance to defendant's trailer.

Upon arriving at the trailer, Lemon stood in front of and a step or two above Main and Enright at the door of the trailer. When defendant opened the door, he was holding a shotgun aimed in the direction of the three men. Defendant threatened to "blow you away" if Main and Enright did not promptly leave.

Lemon told defendant that Enright and Main had something in his back. Defendant testified at trial that Lemon told him that Main and Enright had a knife in his back and would use it if defendant did not pay back the money.

After an undetermined length of time, Enright began to retreat away from the trailer, announcing his intention to summon the police. As Enright was departing from the trailer, defendant told him to wait, that he would get the money and return it. However, instead of getting the money, defendant ran to the back end of the trailer, jumped from another door on the same side, and ran toward Main. Using the shotgun as a club, defendant then struck Main over the head, causing a substantial cut. Main and Enright then made a hasty retreat and Main was taken to the hospital where nine stitches were required to close the wound.

1.  Defendant's first three issues on appeal concern the failure of the district court to give certain requested instructions and will be consolidated for consideration here. In a criminal action it is the duty of the trial court to instruct the jury on the law applicable to the theories of both the prosecution and the accused so far as they are supported by any competent evidence. *State v. Nix,* 215 Kan. 880, 886, 529 P.2d 147; *State v. Hamrick,* 206 Kan. 543, Syl. 3, 479 P.2d 854. However, the instructions given must be germane to the issues raised by the charge in the information and

limited to those issues supported by some evidence. *State v. Nix,* supra, p. 886. There must be evidence which, viewed in the light most favorable to the defendant, would justify a jury finding in accordance with the defendant's theory. *State v. McCorgary,* 218 Kan. 358, 366, 543 P.2d 952; *State v. Seely,* 212 Kan. 195, 197, 510 P.2d 115; *State v. Harden,* 206 Kan. 365, Syl. 5, 480 P.2d 53.

Our review of the record does not indicate that there was evidence which, viewed in the light most favorable to defendant, would justify a jury finding in accordance with the defendant's theory of voluntary intoxication. Although there was some negligible evidence that defendant had been drinking on the day of the offense and even that he appeared intoxicated when seen by witnesses both before and after the incident, the evidence did not require that an instruction on voluntary intoxication be given. As in *State v. Wright,* 221 Kan. 132, 139, 557 P.2d 1267, the defendant was able to describe the events of the evening in considerable detail and was specific as to his conduct at the time of the incident at the trailer. Defendant's own testimony negated any possibility that he was intoxicated to the extent that he was incapable of forming an intent to injure. The present case is clearly distinguishable from *State v. Seely,* supra, where the evidence indicated the defendant was so drunk that he was unable to remember the battery with which he was charged.

Nor do we believe that the evidence, when viewed in the light most favorable to the defendant, would justify a jury finding in accordance with defendant's theory of self-defense. The evidence at trial showed that during the crucial events at the trailer, defendant was possessed of a shotgun which he aimed at Main and Enright. The evidence does not indicate that either Main or Enright threatened defendant at the trailer or made any attempt to harm him. Additionally, we are unable to find in the record that defendant requested a self-defense instruction.

Further, we cannot say that there was evidence compelling the court to give an instruction upon defense of another. K.S.A. 21-3211 provides a defense for the use of force "against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force." Viewing the evidence in the light most favorable to the defendant, we cannot say on this record that there is any

evidence which would justify a jury in finding that the defendant could have reasonably believed that his conduct was necessary to defend either himself or Lemon against Main's or Enright's imminent use of unlawful force.

2. Defendant next contends that the statute under which he was charged and convicted (K.S.A. 21-3414(c)) is unconstitutionally vague and indefinite. K.S.A. 21-3414(c) provides as follows:

"Aggravated battery is the unlawful. touching or application of force to the person of another with intent to injure that person or another and which . . .

. . . .

"(c) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

Defendant specifically objects to the phrase "can be inflicted" because the word "can" merely denotes a contingency that may or may not occur. Defendant contends the statute does not adequately apprise a person of common understanding as to the conduct proscribed and necessarily involves guesswork.

The test in determining whether a statute is unconstitutionally vague and indefinite was well stated in *State v. Conley,* 216 Kan. 66, 531 P.2d 36, as follows:

"The test whether a statute is so vague and indefinite and therefore fails to inform the accused of the nature and cause of the charge against him as required by section 10 of the Kansas Bill of Rights is the same as that applicable in determining whether a statute violates the due process clause of the fourteenth amendment to the federal constitution.

"The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process." (Syl. 1 and 2.)

A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. *State v. Conley,* supra, p. 67. At its heart the test for vagueness is a common sense determination of fundamental fairness. *State v. Kirby,* 222 Kan. 1, 4, 563 P.2d 408.

The constitutionality of a statute is presumed and all doubts must be resolved in favor of a statute's validity. Before a statute can be stricken it must clearly appear that it violates the consti-

tution and there is no reasonable way to construe it to be constitutionally valid. *State v. Kirby*, supra, p. 4; *Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015. There must be ascertainable standards of guilt but impossible standards of specificity are not required. *State v. Hill*, 189 Kan. 403, 411, 369 P.2d 365, 91 A.L.R.2d 750.

K.S.A. 21-3414(*c*) meets the constitutional test. The statute contains the following elements: (1) unlawful touching or application of force; (2) to the person of another; (3) with the intent to injure; and, (4) done with a deadly weapon or in any manner whereby great bodily harm or death can be inflicted. The elements are simple and certainly within common understanding and practice. The terms of the statute are not so vague that persons of common intelligence must necessarily guess at their meaning and differ as to their application. See *State v. Sanders*, 223 Kan. 550, 575 P.2d 533.

3. Finally, defendant argues that the district court erred in denying him probation under K.S.A. 1977 Supp. 21-4618. Defendant argues that the mandatory provisions of K.S.A. 1977 Supp. 21-4618 may not be applied unless the question whether a firearm was used in the commission of the offense is determined in the affirmative by the trier of fact. It is undisputed that the jury was not instructed to determine, and did not determine, whether defendant committed the aggravated battery with the use of a firearm. Whether defendant's use of the shotgun constituted use of a firearm in the commission of a crime within the meaning of K.S.A. 1977 Supp. 21-4618 is an issue not briefed by the parties and one that we do not now decide.

The cases relied upon by defendant are not controlling since they concern statutes from other jurisdictions wherein an additional and enhanced sentence may be imposed upon a defendant who commits a crime with a firearm. Such statutes frequently provide that one who commits a felony with a firearm may receive a separate sentence for the use of the firearm in addition to whatever sentence may be imposed for the felony. In construing such statutes, it has been held that the question as to whether a firearm was used must be determined by the trier of fact before the additional sentence may be imposed. *Jordan v. United States District Court for the Dist. of Col.*, 233 F.2d 362, 367 (D.C. Cir.

1956); *People v. Najera,* 105 Cal. Rptr. 345, 8 Cal. 3d 504, 503 P.2d 1353 (1972); *State v. Blea,* 84 N.M. 595, 506 P.2d 339 (1973); *Johnson v. State,* 249 Ark. 208, 458 S.W.2d 409 (1970). It has been said that such statutes define a new class of crimes by adding a new element, use of a firearm, and the existence of the new element requires an additional finding of fact. *State v. Blea,* supra, p. 342.

We believe K.S.A. 1977 Supp. 21-4618 is distinguishable from those statutes of other jurisdictions construed in the cases cited by defendant. K.S.A. 1977 Supp. 21-4618, when read in conjunction with K.S.A. 1977 Supp. 22-3717(8), has the effect of imposing a mandatory minimum sentence for all Article 34 crimes in which the defendant used a firearm in the commission of the crime. *State v. Freeman,* 223 Kan. 362, 364, 574 P.2d 950. We have construed K.S.A. 1977 Supp. 21-4618 as precluding the suspension of sentence where defendant has been found guilty of an Article 34 crime with the use of a firearm. *Esters v. State,* 1 Kan. App. 2d 503, Syl. 4, 571 P.2d 32; *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559. While K.S.A. 1977 Supp. 21-4618 limits the range of authorized dispositions available to the trial court in some instances, it does not create a new class of crimes, add a new element to the statutory definition of already existing crimes, or provide for an additional sentence. Use of a firearm under the statute is not made an element of the offense charged, and is only pertinent to the authorized disposition the court may consider in the event of a conviction.

We believe the situation is analogous to sentencing under the provisions of the habitual criminal act, K.S.A. 21-4504. The State is not obliged to prove the prior conviction during the presentation of its evidence before the jury in such cases, and evidence of the prior conviction should be presented to the court after conviction. *State v. Loudermilk,* 221 Kan. 157, 161, 557 P.2d 1229; *State v. Messmore,* 175 Kan. 354, Syl. 1, 264 P.2d 911.

Therefore, we conclude that the question of defendant's use of a firearm did not have to be submitted to the jury for determination. We do not believe the failure of the State to include in the information an allegation that the crime was committed with the use of a firearm precluded use of K.S.A. 1977 Supp. 21-4618 in denying defendant probation.

Affirmed.