No. 48,801

STATE OF KANSAS, *Appellee,* v. VERLIE ARNOLD, JR., *Appellant.*

(576 P.2d 651)

Opinion filed April 1, 1978.

*Patrick L. Dougherty,* of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, *Stuart W. Gribble,* assistant district attorney, and *Nola Tedesco Moore,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a review of the judgment of the Court of Appeals entered in *State v. Arnold,* 1 Kan. App. 2d 642, 573 P.2d 1087.

The sole issue raised in this appeal is whether the trial court erred in refusing to instruct on the offense of battery as a lesser included offense of attempted rape.

The facts are fully stated in the Court of Appeals opinion written by Chief Judge Harman. The Court of Appeals held: (1) there was sufficient evidence on intent to rape; (2) defendant's trousers were properly admitted in evidence; (3) an instruction on circumstantial evidence was not necessary; and (4) the trial court erred in not submitting an instruction on the lesser offense of battery. We will discuss here only those facts necessary for a determination of the issue appealed to this court.

The information charged the following:

". . . VERLIE ARNOLD, JR., did then and there unlawfully, wilfully toward the perpetration of the crime of Rape, as defined by K.S.A. 21-3502, commit the following overt act, to-wit: knocked [the victim] to the ground and got on top of her, with the intention to commit said crime, and the said VERLIE ARNOLD, JR. failed in the perpretation [*sic*] thereof and was prevented and

intercepted in executing said crime by a Security Officer of Wichita State University; . . ."

The Court of Appeals held that the above information charged a battery and that the evidence at trial revealed that offense so the trial court should have instructed on battery under K.S.A. 21-3107(2)(*d*). We disagree.

K.S.A. 21-3107(2) provides:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (*a*) A lesser degree of the same crime;

"(*b*) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or

"(*d*) A crime necessarily proved if the crime charged were proved."

Lesser included offenses fall into three categories under our statute. The first is the offense which is merely a lower degree of the offense charged or subparagraph (*a*) under the statute. The second category is the attempt as a lesser included offense or subparagraphs (*b*) and (*c*) under the statute. The third category is the offense which is necessarily committed by the defendant in perpetrating the crime charged or subparagraph (*d*) under the statute. Under this section it is impossible to commit the greater offense without first having committed the lesser offense. The offense must not require some additional element which is not needed to constitute the greater offense. In other words, there must be "identity of elements." (See Note, *The Doctrine of Lesser Included Offenses in Kansas,* 15 Washburn L.J. 40, 41-45 [1976].)

Our court has consistently construed subparagraph (*d*) to mean a lesser included offense must not require proof of *any* element not necessary in the greater crime charged. (See *State v. Daniels,* 223 Kan. 266, 573 P.2d 607; and *State v. Bailey,* 223 Kan. 178, 573 P.2d 590.) One of the elements of battery requires "touching or application of force to the person of another, when done in a rude, insolent or angry manner." There is no such requirement in the elements necessary to establish the crime of attempted rape.

The Court of Appeals, however, held an instruction on a lesser crime under subparagraph (*d*) is appropriate where it is factually charged in the information and reasonably proven by the evidence. In so doing, it misconstrued subparagraph (*d*). The factually related offense is the fourth category recognized by some

courts as a lesser included offense. The lesser offense is not always included in the greater; its inclusion depends on the allegations in the accusatory pleading. Two Kansas cases, *State v. Gibler*, 182 Kan. 578, 322 P.2d 829 and *State v. Way*, 76 Kan. 928, 93 Pac. 159, fall under this category and are followed by the Court of Appeals in its decision.

As we have stated, under present Kansas law under subparagraph (*d*) all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. This necessarily excludes the factually related lesser offense. Accordingly, the Court of Appeals erred in holding under K.S.A. 21-3107(2)(*d*) a defendant may be convicted of a lesser crime, not one of a lesser degree of the principal crime, if it is one factually charged in the information and reasonably proven by the evidence.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.