(735 P.2d 1102)
No. 59,701

STATE OF KANSAS, *Appellee*, v. GEORGE W. WOODMAN, *Appellant*.

Opinion filed April 16, 1987.

*Lucille Marino*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for appellant.

*Debra Barnett*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before DAVIS, P.J., BRISCOE and BRAZIL, JJ.

DAVIS, J.: The defendant, George W. Woodman, appeals from convictions of aggravated vehicular homicide, K.S.A. 1986 Supp. 21-3405a, and driving while under the influence of alcohol, K.S.A. 1986 Supp. 8-1567.

During the early morning hours of May 8, 1985, after visiting several night spots and friends throughout the preceding evening, the defendant and his friend, Richard Hamm, were on their way to see a mutual friend in Wichita, Kansas. The defendant was driving a 1979 Ford pickup truck. He proceeded east on Central Street, and as he approached the I-235 exit ramp onto Central, both he and Richard Hamm observed a 1981 GMC pickup truck proceed down the I-235 exit ramp. The I-235 exit ramp intersects with Central Street. At the point of intersection, there is a traffic light facing the exit ramp and traffic overhead lights facing Central Street. These traffic lights control the flow of traffic on Central and the I-235 exit ramp. When traffic on Central is stopped by a red light, traffic on the exit ramp is allowed to move onto Central by reason of a green light.

The defendant and Hamm saw the pickup truck driven by Billy Jenkins come off the exit ramp and slow down through the intersection. According to the defendant, Jenkins ran a red light and was trying to stop. According to Hamm, the Jenkins pickup truck was stopped in the middle of the intersection.

Defendant's vehicle collided with Jenkins' pickup truck, skidding some 92 feet prior to impact. Jenkins died shortly thereafter as a result of the accident. Blood tests revealed that defendant's blood alcohol level was .211 shortly after the collision.

On August 22, 1985, the defendant was charged with one count of aggravated vehicular homicide and one count of driving while under the influence of alcohol. Prior to trial, the parties stipulated that Billy Jenkins died as a result of the May 8, 1985, accident and that defendant's blood alcohol level was .211 shortly after the accident. Following a jury trial, the defendant was found guilty as charged.

On February 4, 1986, the defendant was sentenced to a term of imprisonment of not less than one nor more than five years for aggravated vehicular homicide, and he was sentenced to a consecutive term of one year, together with a fine of $1,000, for

driving while under the influence of alcohol. On appeal, the defendant contends (1) that the trial court lacked jurisdiction over the aggravated vehicular homicide charge because the information failed to allege every essential element of that crime; (2) that the trial court's instruction on aggravated vehicular homicide was erroneous and prejudicial; (3) that the conviction for driving while under the influence of alcohol must be set aside because it is a lesser included offense of aggravated vehicular homicide; and (4) that the trial court erred in admitting evidence that defendant was on diversion for driving while under the influence of alcohol.

The defendant first contends that the information charging the crime of aggravated vehicular homicide must allege that the victim died as a proximate result of a violation of K.S.A. 1986 Supp. 8-1566 (reckless driving), K.S.A. 1986 Supp. 8-1567 (driving while under the influence of alcohol or drugs), or K.S.A. 8-1568 (fleeing or attempting to elude a police officer). According to the defendant, failure to include this element of causation in the information renders the charge fatally defective. *State v. Jackson*, 239 Kan. 463, Syl. ¶ 5, 721 P.2d 232 (1986).

K.S.A. 1986 Supp. 21-3405a provides:

"(1) Aggravated vehicular homicide is the unintentional killing of a human being, without malice, which is done while committing a violation of K.S.A. 8-1566, 8-1567 or 8-1568, and amendments thereto, or the ordinance of a city which prohibits any of the acts prohibited by those statutes.

"(2) This section shall be applicable only when the death of the injured person ensues within one year as a proximate result of the operation of a vehicle in the manner described in subsection (1).

"(3) Aggravated vehicular homicide is a class E felony."

The information charging the defendant with aggravated vehicular homicide states:

"[O]n or about the 8th day of May A.D., 1985, one GEORGE W. WOODMAN did then and there unlawfully, willfully [and] unintentionally kill a human being, to-wit: Billy N. Jenkins, without malice while the said GEORGE W. WOODMAN was operating a 1971 Ford Pickup Truck at I-235 and Central Street in Wichita, Sedgwick County, Kansas, under the influence of intoxicating liquor . . . ."

The State contends that K.S.A. 1986 Supp. 21-3405a(1) defines the essential elements of the crime of aggravated vehicular homicide, while subsection (2) establishes the jurisdictional

limits of the offense. Therefore, according to the State, it is unnecessary that the information charging aggravated vehicular homicide specifically recite subsection (2) so long as it is clear from the language of the information that the victim's death, occurring within one year of the accident, was the result of defendant's violation of 8-1566 (reckless driving), 8-1567 (driving while under the influence of alcohol or drugs), or 8-1568 (fleeing or attempting to elude a police officer).

We agree with defendant's position that causation under subsection (2) of K.S.A. 1986 Supp. 21-3405a is an essential element of the offense of aggravated vehicular homicide. When the statute is considered as a whole, subsection (2) of K.S.A. 1986 Supp. 21-3405a does more than establish the jurisdictional limits for subsection (1). Death of the injured person within one year must be the proximate result of the operation of the vehicle by the defendant in a manner proscribed by subsection (1); that is, while committing a violation of 8-1566 (reckless driving), 8-1567 (driving while under the influence of alcohol or drugs), or 8-1568 (fleeing or attempting to elude a police officer).

Review of the history of K.S.A. 1986 Supp. 21-3405a supports our conclusion that the causation requirement of subsection (2) is an essential element of the offense of aggravated vehicular homicide. The crime of aggravated vehicular homicide was added to the Kansas Criminal Code in 1984. L. 1984, ch. 39, § 48. Subsection (2) of the current statute, K.S.A. 1986 Supp. 21-3405a, was included in the original legislation. The new crime of aggravated vehicular homicide was patterned directly after the statute defining vehicular homicide, K.S.A. 21-3405. K.S.A. 21-3405 was enacted in 1969 as a part of the Kansas Criminal Code. L. 1969, ch. 180, § 21-3405. Judicial Council Comments to K.S.A. 21-3405 provide:

"The section was intended to replace former K.S.A. 8-529(2). The material changes are (1) a description of the prohibited conduct and (2) a clear statement that the section applies to motor vehicles other than automobiles."

It does not appear that there was any intent on the part of the legislature, in adopting K.S.A. 21-3405, to change the basic provisions of vehicular homicide set forth in K.S.A. 8-529 (Corrick). From the time of its enactment in 1937 (L. 1937, ch. 283, § 29) until its repeal in 1970 (L. 1969, ch. 180, § 21-4701), K.S.A. 8-529(a) (Corrick) read as follows:

"When the death óf any person ensues within one year *as a proximate result of injury received by the driving of any vehicle in negligent disregard of the safety of others,* the person so operating such vehicle shall be guilty of negligent homicide." (Emphasis added.)

Examination of some early cases involving prosecutions for vehicular homicide, as well as prosecutions for involuntary manslaughter charges stemming from felony driving offenses, establishes that an essential element of these offenses has always been a causal connection between the conduct of the defendant in driving his automobile and the resulting death of the victim.

In *State v. Ashton*, 175 Kan. 164, 262 P.2d 123 (1953), the defendant attacked the provisions of G. S. 1949, 8-529 on the basis that the statute was too indefinite and uncertain to specifically inform a person of what was prohibited thereby. The statute provided:

"(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in negligent disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."

In rejecting defendant's claim, the court noted, "We cannot agree the statute contains no act which is specifically forbidden. It prohibits the negligent driving of a vehicle (a) when the negligence is such as to be in disregard of the safety of others and (b) *when such conduct is the proximate cause of death which ensues within one year." State v. Ashton,* 175 Kan. at 170. See *State v. Miles,* 203 Kan. 707, 457 P.2d 166 (1969); see also *State v. Bowser,* 124 Kan. 556, 261 Pac. 846 (1927).

In *Bowser,* the defendant claimed that contributory negligence was a defense to an action for manslaughter in the fourth degree resulting from the operation of his vehicle. The court, however, disagreed, finding that

"In a prosecution for manslaughter in the fourth degree caused by the alleged culpable negligence of defendant, while contributory negligence on the part of the decedent was not a defense, the court should have instructed the jury that the decedent's negligence, if shown, should be considered with all the other evidence to determine whether the negligence of defendant was the *proximate cause of the killing* or whether defendant's act or omission was culpably negligent under the circumstances." *State v. Bowser,* 124 Kan. 556, Syl. ¶ 3.

Subsection (2) of K.S.A. 1986 Supp. 21-3405a sets forth an

essential element of the offense of aggravated vehicular homicide in providing that a violation occurs when "the death of the injured person ensues . . . *as a proximate result of the operation of a vehicle in the manner described in subsection (1)."* (Emphasis added.)

While we agree with the defendant's position that causation is an essential element of the offense of aggravated vehicular homicide, we are not convinced that the information before us is fatally defective. "In determining the sufficiency of an information, it is not necessary to allege the exact words of the statute but the meaning must be clear as determined by the guidelines of K.S.A. 22-3201(2)." *State v. Robinson, Lloyd & Clark,* 229 Kan. 301, 304, 624 P.2d 964 (1981). K.S.A. 1986 Supp. 22-3201(2) provides in part that "[t]he complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged." "A governing rule is that if the allegations of an information may be true and the defendant still is innocent of the offense defined by the statute the information is jurisdictionally defective. [Citation omitted.]" *State v. Howell & Taylor,* 226 Kan. 511, 513-14, 601 P.2d 1141 (1979).

The complaint in this case sets forth in a plain, concise written statement the essential facts constituting the crime charged. Although the information does not specifically allege that Billy Jenkins died as the proximate result of the defendant's driving while under the influence of alcohol, the meaning of the allegation contained in the complaint is clear. The information alleges that the defendant unintentionally killed Billy Jenkins while driving under the influence of alcohol. We believe that the language used sufficiently invokes the causative factor that it was defendant's conduct in driving the vehicle while under the influence of alcohol which caused the unintentional killing by the defendant of the victim, Billy Jenkins. See *State v. Bishop,* 240 Kan. 647, 732 P.2d 765 (1987). Giving plain meaning to the language used in the information, it becomes clear that if the defendant's driving while under the influence was not the proximate cause of Billy Jenkins' death, then it could not be said that he unintentionally killed Billy Jenkins by his driving under the influence.

Although it would be far better practice to include the specific

allegation that the victim's death was the proximate result of the defendant's driving while under the influence, such allegation was not essential to establish the jurisdictional basis for proceeding with the prosecution of the defendant. K.S.A. 1986 Supp. 22-3201(2); *State v. Robinson, Lloyd & Clark*, 229 Kan. at 304 ("[I]t is not necessary to allege the exact words of the statute but the meaning must be clear as determined by the guidelines of K.S.A. 22-3201[2].")

Defendant next contends that the trial court failed to properly instruct the jury on the elements of aggravated vehicular homicide. The trial court, over objection of the defense, gave PIK Crim. 2d 56.07-A, the instruction on aggravated vehicular homicide:

"The defendant is charged with the crime of aggravated vehicular homicide.
"To establish this charge, each of the following claims must be proved.
"1. That defendant unintentionally killed Billy N. Jenkins by the operation of an automobile;
"2. That the unintentional killing took place while defendant drove under the influence of alcohol or drugs;
"3. That the death occurred as a result of and within one year of the incident; and
"4. That defendant's act occurred on or about the 8th day of May, 1985, in Sedgwick County, Kansas."

Defendant specifically objected to subsection No. 3 of the court's instruction. The basis of his objection was that the instruction failed to advise the jury that "[Billy Jenkins] must have died as a proximate result of [defendant's] wrongdoing, his driving under the influence in this case."

We agree that subsection 3 of the above instruction presents vague instructions to the jury concerning an essential element of the crime of aggravated vehicular homicide. The parties stipulated that Billy Jenkins died as a result of the accident and that defendant's blood alcohol level was at .211 just after the accident. It would be entirely possible, under the instruction given by the trial court, for the jury to conclude that the defendant was guilty of the offense because the death occurred as a result of the accident or "incident" instead of as a result of the defendant's driving while under the influence of alcohol.

While we have stated above that the language "unintentionally killed" was sufficient to invoke causation in interpreting the

language of the information, we are not prepared to say such language in the instruction would necessarily suggest to the jury, without explicit instructions, that it was the defendant's driving while under the influence that resulted in Billy Jenkins' death. The failure of the court to spell out in subsection 3 the essential element of causation renders the instruction given by the trial court deficient.

The defendant's entire theory was this: It was not his driving while under the influence of intoxicating liquor that proximately caused the death of Billy Jenkins, but, rather, it was Billy Jenkins' running a red light which caused the death. Because there was substantial competent evidence that would justify a jury's finding in accordance with the defendant's theory, we find that the deficient instruction prejudiced the defendant. See *State v. Kleber*, 2 Kan. App. 2d 115, Syl. ¶ 2, 575 P.2d 900, *rev. denied* 225 Kan. 846 (1978).

In support of his theory, the defendant requested the following instruction be given:

"In order to find the Defendant guilty as charged in Count I of aggravated vehicular homicide, the State must establish that the decedent died within one (1) year from the 8th day of May, 1985, and that the death was the proximate result of the operation of the vehicle by the Defendant while under the influence of alcohol.

"The 'proximate cause' or legal cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence or result of the wrongful act."

We agree with the defendant's position that the above instruction more clearly reflects our conclusion that the victim's death must be the result of the defendant's driving while under the influence of alcohol.

Further prejudice is demonstrated during final arguments. In his closing remarks, defense counsel argued, "Was it some wrongdoing on the part of this man that caused the death of Billy Jenkins or some intervening cause—Mr. Jenkins not stopping at the light, the car pulling on out into the intersection?" In response to this argument, the State argued: "Now, one of the things that interested me, Mr. Lyon mentioned to you about some intervening cause. You look through those instructions, folks. You won't find an instruction that says that if there's an

intervening cause, the defendant's not guilty. You won't find that in there. What you do find are the claims that have to be proved." Because of the erroneous instruction and resulting prejudice, we reverse defendant's conviction for aggravated vehicular homicide.

The defendant next contends that the conviction for driving while under the influence of alcohol must be set aside because it is a lesser included offense of aggravated vehicular homicide. We agree.

Approximately five-and-a-half months after the defendant was convicted of both aggravated vehicular homicide and driving while under the influence of alcohol, the defendant filed a motion for new trial and arrest of judgment, alleging that the two convictions were multiplicitous. The trial court denied the motion as being untimely filed, but the defendant raises questions involving his fundamental right to a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution, claiming that his constitutional rights would be violated by multiplicitous convictions. Under these circumstances, the issue may properly be considered for the first time on appeal. *State v. Dubish*, 234 Kan. 708, 718, 675 P.2d 877 (1984).

K.S.A. 1986 Supp. 21-3107(2) provides in part:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, *but not both*. An included crime may be any of the following:

. . . .

"(d) a crime necessarily proved if the crime charged were proved." (Emphasis added.)

Driving while under the influence of alcohol is a misdemeanor. K.S.A. 1986 Supp. 8-1567. The elements of the offense are (1) driving a vehicle (2) while under the influence of alcohol. Aggravated vehicular homicide, a class E felony, is the unintentional killing of a human being done while committing one of the three specified traffic offenses. K.S.A. 1986 Supp. 21-3405a. One of the specified offenses, and the offense used to charge the defendant with aggravated vehicular homicide, is driving while under the influence of alcohol. Therefore, for this case, the elements of aggravated vehicular homicide are (1) the unintentional killing of a human being, (2) by the operation of a motor

vehicle, (3) while driving under the influence of alcohol, (4) as long as the death occurred as a proximate result of and within one year of the aforementioned operation of the motor vehicle. K.S.A. 1986 Supp. 21-3405a. Because all of the elements of driving while under the influence of alcohol are required to establish the greater offense of aggravated vehicular homicide, driving while under the influence of alcohol is a lesser included offense of aggravated vehicular homicide pursuant to K.S.A. 1986 Supp. 21-3107(2)(d). In this case, the crime of driving while under the influence of alcohol is a lesser included offense of aggravated vehicular homicide, and 21-3107(2) bars conviction of driving while under the influence of alcohol. *State v. Coberly*, 233 Kan. 100, 109, 661 P.2d 383 (1983).

Given our disposition of this appeal, we need not address defendant's final contention.

Reversed and remanded.

BRAZIL, J., concurring: While I concur in the result, I have an additional concern with the information herein which charges the defendant with *"unlawfully, willfully* [and] *unintentionally"* killing a human being. (Emphasis added.)

The words "unlawfully" and "willfully" are not to be found in K.S.A. 1986 Supp. 21-3405a.

Obviously, defendant's actions could not be both willful and unintentional. As stated in the majority's opinion, it is not necessary to use the exact words of the statute, but the meaning must be clear.