No. 59,297

STATE OF KANSAS, *Appellee,* v. EVERETT L. ADAMS, *Appellant.*

(744 P.2d 833)

Opinion filed October 30, 1987.

*Lucille Marino,* assistant appellate defender, argued the cause, and *Benjamin C. Wood,* chief appellate defender, was with her on the brief for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Debra Barnett,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The defendant appeals from convictions on one count of involuntary manslaughter (K.S.A. 1986 Supp. 21-3404) and one count of driving under the influence of alcohol (K.S.A. 1986 Supp. 8-1567). He was sentenced to a term of three to ten years for involuntary manslaughter and a term of six months and fined $200.00 for driving while under the influence, the terms to run concurrently. The Court of Appeals affirmed the convictions in an unpublished opinion. *State v. Adams,* No.

59,297, decided April 9, 1987. We granted defendant's petition for review.

The charges arise from a motor vehicle accident which occurred at approximately 2:15 p.m. on December 1, 1984, at the intersection of K-15 and Wassall in Sedgwick County, Kansas. The defendant was driving a green pickup truck and was first observed driving erratically on Hydraulic Avenue. The defendant drove across the median and hit the outside curb of the opposite lane of traffic, just missing another car. At the corner of Hydraulic and K-15, the defendant made an improper left turn onto K-15, and continued to weave back and forth across both southbound lanes of K-15. The defendant ran a red light at the intersection of K-15 and Pawnee, nearly striking a vehicle turning left onto Pawnee Street. Upon approaching the intersection of K-15 and Wassall, the defendant weaved through traffic and proceeded through the red light, striking broadside a Chevrolet Vega turning left onto Wassall from K-15. The driver of the Vega died at 3:05 p.m. on December 1, 1984, as a result of massive head and internal injuries received from the collision.

The eyewitnesses to the collision testified that no brake lights appeared on the defendant's green pickup truck prior to impact; the defendant's speed as he entered the intersection was estimated to be between 55 and 70 m.p.h. At the time of the accident, the defendant's blood alcohol concentration was .232.

The defendant testified that, several days prior to the accident, his wife had filed for divorce. On the morning of the accident, he purchased a bottle of rum and went to his home. He was unable to recall anything that occurred thereafter and could not remember anything about the accident or writing the suicide note which was found at his home after the accident.

The defendant first contends that the driving while under the influence of alcohol charge is a lesser included offense of involuntary manslaughter and, therefore, multiplicious pursuant to K.S.A. 1986 Supp. 21-3107(2), which provides:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

"(b) an attempt to commit the crime charged;

"(c) an attempt to commit a lesser degree of the crime charged; or

"(d) a crime necessarily proved if the crime charged were proved."

Defendant argues that subparagraph (2)(d) prevents the district court from convicting him of both involuntary manslaughter and driving while under the influence of alcohol. The Court of Appeals rejected defendant's argument and found that the two charges were not multiplicious. The Court of Appeals noted:

"The Kansas Supreme Court in *State v. Arnold*, 223 Kan. 715, 716-17, 576 P.2d 651 (1978), rejected the 'factually related offense' nearly a decade ago, holding that under K.S.A. 21-3107(2)(d) the issue is one of ' "identity of elements." . . . [A]ll elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged.'

"The offense of involuntary manslaughter requires the State to prove (1) the defendant unintentionally killed the victim; (2) it was done in the commission of a misdemeanor in a wanton manner; and (3) the conduct occurred within the jurisdiction of the court. K.S.A. 1986 Supp. 21-3404. DUI requires the State to prove (1) the defendant operated the vehicle; (2) the defendant was under the influence of alcohol while operating the vehicle; and (3) the operation of the vehicle took place within the jurisdiction of the court. K.S.A. 1986 Supp. 8-1567.

"Only the third element is identical. The State could have proven *any* misdemeanor in order to secure a conviction for involuntary manslaughter. The elements necessary to prove DUI will not be ' "present and required to establish' " the elements of involuntary manslaughter in every case. *State v. Galloway*, 238 Kan. 415, 417, 710 P.2d 1320 (1985). Thus, we conclude that DUI is not a lesser included offense of involuntary manslaughter even though, in this case, it is the same misdemeanor giving rise to the charge of involuntary manslaughter."

The Court of Appeals was correct in noting that, in *State v. Arnold*, 223 Kan. 715, 576 P.2d 651 (1978), this court rejected the "factually related offense" as a lesser included offense under K.S.A. 1986 Supp. 21-3107(2)(d). However, the Court of Appeals incorrectly interpreted *Arnold* to limit the application of subparagraph (2)(d) to only a comparison of the two statutes in determining the existence of "identity of elements." Although the Court of Appeals correctly found, in comparing K.S.A. 1986 Supp. 21-3404 and K.S.A. 1986 Supp. 8-1567, that there was not an "identity of elements," it incorrectly concluded that driving while under the influence of alcohol was a "factually related offense" and therefore not a lesser included offense of involuntary manslaughter.

In *Arnold*, we said:

"The third category is the offense which is necessarily committed by the

defendant in perpetrating the crime charged or subparagraph (d) under the statute. *Under this section it is impossible to commit the greater offense without first having committed the lesser offense.* The offense must not require some additional element which is not needed to constitute the greater offense. In other words, there must be 'identity of elements.' . . .

. . . .

". . . The factually related offense is the fourth category recognized by some courts as a lesser included offense. The lesser offense is not always included in the greater; *its inclusion depends on the allegations in the accusatory pleading.* Two Kansas cases, *State v. Gibler,* 182 Kan. 578, 322 P.2d 829, and *State v. Way,* 76 Kan. 928, 93 Pac. 159, fall under this category and are followed by the Court of Appeals in its decision." (Emphasis added.) 223 Kan. at 716-17.

In *State v. Gibler,* 182 Kan. 578, 322 P.2d 829 (1958), the defendant was charged with the crime of manslaughter in the fourth degree. He was convicted of driving under the influence. The only issue before the court was whether driving while under the influence of alcohol was a lesser included offense. In finding it was, this court said:

"Whenever a person is charged upon an information with the commission of an offense under one section of the statutes and the offense as thus charged includes another offense under another section of the statutes, the defendant may be found guilty of either offense. In *State v. Way,* 76 Kan. 928, 93 Pac. 159, a conviction for an offense less than that defined in the statute upon which a prosecution is primarily based may be sustained if the information alleges the existence of all the essential facts constituting such an offense.

. . . .

"It is obvious that the information in the instant case alleged facts which constituted a misdemeanor under G.S. 1949, 8-530; that is, the driving of a vehicle within the state while under the influence of intoxicating liquor. Under the rule of *State v. Way,* supra, since the information properly alleged the essential elements of an offense under section 8-530 and since it is not questioned that the evidence introduced at the trial was sufficient to support each element, it is apparent that a conviction under this section was proper and must be sustained. *The judgment is affirmed.*" 182 Kan. at 580-81.

What we held in *Arnold,* and here reaffirm, is that the test to determine "identity of elements" under subparagraph (2)(d) is twofold. First, the statutes defining the lesser offense and the greater offense must be compared to determine if all the elements of the former are included in the latter. Second, if that comparison fails to disclose an "identity of elements," then the court must examine the complaint/information to determine if the elements of the lesser offense are alleged, and if proof

thereof is required to establish the greater offense. If it is, then it is a lesser included offense within the meaning of subparagraph (2)(d).

In the present case, it seems clear that, in order to prove the defendant guilty of the crime of involuntary manslaughter, the State was compelled to prove all the elements necessary to prove the crime of driving while under the influence of alcohol. Involuntary manslaughter is defined as

"the unlawful killing of a human being, without malice, which is done unintentionally in the wanton commission of an unlawful act not amounting to felony, or in the commission of a lawful act in an unlawful or wanton manner." K.S.A. 1986 Supp. 21-3404(a).

The allegation that defendant Adams drove an automobile while under the influence of alcohol served as one of the elements of the charged crime of involuntary manslaughter. By proving all of the elements necessary to establish involuntary manslaughter, the State *necessarily* proved each element of the crime of driving while under the influence of alcohol, as defined by K.S.A. 1986 Supp. 8-1567. Thus, having necessarily proven the lesser offense by proving the greater offense of involuntary manslaughter, the provisions of K.S.A. 1986 Supp. 21-3107(2) prohibit finding the defendant guilty of both involuntary manslaughter and driving while under the influence of alcohol. The necessity of alleging and proving that the defendant was driving while under the influence of alcohol precluded driving while under the influence of alcohol from being a "factually related offense."

The Court of Appeals reached the same conclusion in *State v. Woodman*, 12 Kan. App. 2d 110, 735 P.2d 1102 (1987), in which a different panel of the Court of Appeals than the *Adams* panel was presented with virtually the identical question. In *Woodman*, the defendant was charged and convicted of both aggravated vehicular homicide, K.S.A. 1986 Supp. 21-3405a, and driving while under the influence of alcohol, K.S.A. 1986 Supp. 8-1567. The Court of Appeals concluded that the two charges were multiplicious, and reversed the defendant's conviction for driving while under the influence of alcohol. The defendant in the present case was charged under 21-3404, since the case arose from an incident which occurred prior to the effective date of the aggravated vehicular homicide statute, K.S.A. 1986 Supp. 21-

3405a. This statute expressly designates which unlawful acts may support a conviction: reckless driving (K.S.A. 1986 Supp. 8-1566); driving under the influence of alcohol or drugs (K.S.A. 1986 Supp. 8-1567); or fleeing or attempting to elude a police officer (K.S.A. 8-1568). K.S.A. 1986 Supp. 21-3404(a) does not so designate, but rather, provides that "an unlawful act not amounting to felony" may support a conviction. Whether the lesser offense is specifically or generally designated in the statute is a distinction without a difference where, as in the present case, the State alleges and must prove it in order to establish the greater offense.

In *Woodman*, the defendant was convicted of aggravated vehicular homicide, which was established by proof that he had driven a car while under the influence of alcohol. The Court of Appeals stated:

"Driving while under the influence of alcohol is a misdemeanor. K.S.A. 1986 Supp. 8-1567. The elements of the offense are (1) driving a vehicle (2) while under the influence of alcohol. Aggravated vehicular homicide, a class E felony, is the unintentional killing of a human being done while committing one of the three specified traffic offenses. K.S.A. 1986 Supp. 21-3405a. One of the specified offenses, and the offense used to charge the defendant with aggravated vehicular homicide, is driving while under the influence of alcohol. Therefore, for this case, the elements of aggravated vehicular homicide are (1) the unintentional killing of a human being, (2) by the operation of a motor vehicle, (3) while driving under the influence of alcohol, (4) as long as the death occurred as a proximate result of and within one year of the aforementioned operation of the motor vehicle. K.S.A. 1986 Supp. 21-3405a. Because all of the elements of driving while under the influence of alcohol are required to establish the greater offense of aggravated vehicular homicide, driving while under the influence of alcohol is a lesser included offense of aggravated vehicular homicide pursuant to K.S.A. 1986 Supp. 21-3107(2)(d). In this case, the crime of driving while under the influence of alcohol is a lesser included offense of aggravated vehicular homicide, and 21-3107(2) bars conviction of driving while under the influence of alcohol." 12 Kan. App. 2d at 118-19.

The State, in its oral argument to this court, conceded that, if driving while under the influence of alcohol had been the only underlying misdemeanor alleged, then it would have been a lesser included offense under subparagraph (2)(d). The complaint/information alleged "driving under the influence of alcohol and running a red traffic light" as the underlying misdemeanors. In other words, the State argues that the jury could

have based its verdict on the running of the red traffic light. This argument has no merit. The jury, based upon the wording of the complaint/information and the court's instruction to the jury that it must find "[t]hat this was done in the wanton commission of driving under the influence of alcohol and running a red light," had to find that the defendant committed both underlying offenses. Alleging the underlying misdemeanors in the alternative would not have helped, since it would have been impossible for this court to determine which one the jury relied upon in finding the defendant guilty of involuntary manslaughter. However, had the State alleged running of a red traffic light as the only underlying misdemeanor, then a conviction of driving while under the influence of alcohol and involuntary manslaughter would have been permissible. In that case, since the State would not be required to prove driving while under the influence of alcohol to establish involuntary manslaughter, driving while under the influence of alcohol would be a "factually related offense" and not a lesser included offense under K.S.A. 1986 Supp. 21-3107(2)(d).

In the present case, by proving the elements of involuntary manslaughter, the State necessarily had to prove the elements of driving while under the influence of alcohol. The defendant's conviction for driving while under the influence of alcohol must, therefore, be reversed.

The defendant next contends that there was insufficient evidence of wantonness on his part to justify his conviction for involuntary manslaughter. The Court of Appeals correctly rejected the defendant's contention.

This court addressed the issue of wantonness in *State v. Makin*, 223 Kan. 743, 746, 576 P.2d 666 (1978). In *Makin*, the court stated:

"Wanton conduct involves a *realization* of the *imminence* of *danger to the person of another* and a *reckless disregard* or *complete indifference* and *unconcern* for the probable *consequences of such conduct.*"

The issue of whether a defendant's conduct is wanton is a question of fact for the jury. *State v. Burrell*, 237 Kan. 303, 308, 699 P.2d 499 (1985).

The record is replete with evidence to support the jury's determination that defendant Adams' conduct was wanton in

nature. The defendant was seen by numerous witnesses to be driving erratically. One witness testified that, prior to this accident, the defendant had previously nearly struck two other cars. Three witnesses testified that no brake lights appeared on Adams' truck as he entered the intersection where the fatal accident occurred. One witness testified that the Adams truck did not slow down as it entered the intersection; another witness testified that the truck actually accelerated as it approached the intersection. Traffic inspectors at the scene were unable to detect any skid marks left by defendant Adams' vehicle. All of the witnesses present at the scene of the accident testified that the Adams truck entered the intersection against the red light and at a speed in excess of the posted maximum. A blood test later performed upon the defendant revealed that he possessed a blood alcohol percentage level twice the legally permissible level. The defendant, after leaving his house, had left a suicide note, and one witness testified at trial that, when defendant Adams was being taken to a hospital following the accident, Adams repeatedly stated that he wanted to die.

There is sufficient evidence in the record to support a finding that the defendant's actions were wanton.

Finally, defendant contends the trial court abused its discretion in sentencing him. The defendant was sentenced to a term of imprisonment of three to ten years on the charge of involuntary manslaughter. Because the sentence imposed by the trial court was within the limits prescribed by law, appellate review of the sentence is limited to a determination of whether the sentence was an abuse of discretion, or whether it was the result of partiality, prejudice, or corrupt motive. *State v. Jennings*, 240 Kan. 377, 380, 729 P.2d 454 (1986).

The defendant, in support of this contention, has focused on a particular comment made by the district court. The district court stated during the course of the sentencing hearing:

"From some of the things that I've seen on TV or read in the paper a drunk driver on a binge kills a second or third victim and never spends more than a day or two in jail, overnight or something like that. But the legislature in their infinite wisdom saw fit to change those things and make penalties. I just heard on TV last night where a young man killed three people and got three life sentences consecutive for it.

"This man in this case is just as dead as those people up there were."

This remark by the trial court does not establish prejudice on its part which resulted in an excessive punishment of defendant Adams. Of the sentencing criteria listed in K.S.A. 21-4606, the district court made express findings relevant to: "The extent of the harm caused by the defendant's criminal conduct" (21-4606[2][b]), "[w]hether the defendant intended that his criminal conduct would cause or threaten serious harm" (21-4606[2][c]), "[w]hether there were substantial grounds tending to excuse or justify the defendant's criminal conduct" (21-4606[2][e]), and "[w]hether the defendant has compensated or will compensate the victim" (21-4606[2][g]). The district court found that the defendant's conduct had resulted in the unnecessary death of a human being, "a relatively young man who was cut off in the prime of his life." The district court also stressed the wanton nature of the defendant's actions. The district court stated that the defendant "knew [he had a drinking] problem and has known it for, from the evidence, way beyond ten years. He has on his own cut down his drinking, but he has of his own volition involved himself in drinking periodically. And the last period of drinking culminated in a death."

Counsel for defendant stressed that his client, prior to the accident, was under severe emotional stress relating to his wife's recent filing for divorce. The district court, however, found that there were no substantial grounds tending to excuse or justify the defendant's criminal conduct, pointing out that the wife had filed for divorce several days prior to the date the accident occurred. The district court also noted that it was impossible to compensate either the victim or his wife and children. In view of the factual circumstances of the present case, the sentence which the defendant received does not appear to be either an abuse of discretion or the product of prejudice on the part of the district court.

The judgments of the district court and the Court of Appeals are affirmed in part and reversed in part. The case is remanded to the district court with directions to set aside the defendant's conviction of driving while under the influence of alcohol.