(889 P.2d 1147)

No. 70,769

STATE OF KANSAS, *Appellee*, v. THOMAS C. MENDOZA, *Appellant*.

Opinion filed February 17, 1995.

*Kerry J. Granger* and *Richard J. Rome*, of Hutchinson, for the appellant.

*Kevin C. Fletcher*, assistant county attorney, *Timothy J. Chambers*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., GERNON and LEWIS, JJ.

LEWIS, J.: Defendant was convicted of three counts of vehicular battery. He was sentenced to jail for six months on each conviction, and the sentences were ordered to run concurrently. In addition, he was fined the sum of $1,000. The trial court then ordered that defendant be released on probation for a period of one year after serving 90 days of his jail sentence. Defendant appeals his convictions.

The charges against defendant arose from a two-vehicle automobile accident. Defendant was driving one of those vehicles. As a result of the accident, defendant, his passenger, and the two persons in the other vehicle suffered injuries and were taken to the hospital for treatment.

The physician who treated each of the accident victims in the emergency room ordered blood alcohol tests to be performed on each injured party, including defendant. The test performed on defendant's blood sample showed an alcohol concentration of .179.

Prior to trial, defendant moved to suppress the results of the blood alcohol test. He argued that the test results were privileged. The trial court disagreed and admitted 'the test results into evidence. The sole issue on appeal is whether the trial court erred in the admission of the blood alcohol test results.

"If the findings of the trial court on a motion to suppress evidence are based upon substantial evidence this court on review will not substitute its view of the evidence for that of the trial court. *State v. Chiles*, 226 Kan. 140, 144, 595 P.2d 1130 (1979)." *State v. Garcia*, 250 Kan. 310, 318, 827 P.2d 727 (1992). The facts, however, were stipulated to by the parties. "[I]n a case decided on stipulated facts, the appellate court has de novo review." *State v. Rowe*, 18 Kan. App. 2d 572, 573, 856 P.2d 1340, *rev. denied* 253 Kan. 863 (1993).

"Interpretation of a statute is a question of law." *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986). As will become apparent, this appeal turns on our interpretation of a statute; therefore, we are not bound by the trial court's decision.

The issue is whether the trial court erred in admitting the blood alcohol test results. In that regard, the parties agree that the law enforcement officers involved in this action did not comply with K.S.A. 8-1001. Defendant was not arrested at the hospital and was not asked to submit to a blood alcohol test. The blood alcohol tests taken in this action were not taken at the request of the

officers. It follows that the mandatory notices as required by 8-1001 were not given in this case.

The net result is that the blood alcohol test results in this case are not admissible under K.S.A. 8-1001. Defendant argues that under the circumstances shown, the blood alcohol test results come under the physician-patient privilege and were, as a result, not admissible.

This appeal is controlled by K.S.A. 60-427(b), which provides as follows:

"Except as provided by subsections (c), (d), (e) and (f), a person, whether or not a party, has a privilege in a civil action or in a prosecution for a misdemeanor, *other than a prosecution for a violation of K.S.A. 8-1567* and amendments thereto or an ordinance which prohibits the acts prohibited by that statute, to refuse to disclose, and to prevent a witness from disclosing, a communication, if the person claims the privilege and the judge finds that: [the elements of the privilege exist.]" (Emphasis added.)

The essential question to be answered is whether this was a "prosecution for a violation of K.S.A. 8-1567." If it was, there was no privilege and the trial court did not err. If it was not, then the test results were privileged and inadmissible. The trial court resolved the issue as follows:

"The complaint charges three counts of vehicular battery. The statutory definition of the offense set forth in the complaint specifically alleges a violation of K.S.A. 8-1567. Therefore, even though D.U.I. is not the specific charge, it is an element which must be proven by the State. Therefore, this case is 'a prosecution for a violation of K.S.A. 8-1567' as contemplated by K.S.A. 60-427."

We conclude that the trial court was correct in its decision that the instant matter was a prosecution for a violation of K.S.A. 8-1567.

K.S.A. 1992 Supp. 21-3405b(a) [repealed L. 1993, ch. 298 § 97] defined vehicular battery as follows: "Vehicular battery is unintentionally causing bodily injury to another human being *which is done while committing a violation of K.S.A. 8-1566, 8-1567 or 8-1568*, and amendments thereto, or the ordinance of a city or resolution of a county which prohibits any of the acts prohibited by those statutes." (Emphasis added.)

The complaint filed against defendant in the instant matter alleged that "[Defendant] did . . . cause bodily injury to another

human being, to wit: . . . *which is done while committing a violation of K.S.A. 8-1567."* (Emphasis added.)

An examination of the complaint filed against defendant indicates that this was a prosecution for the violation of K.S.A. 1992 Supp. 21-3405b and not a "prosecution for the violation of K.S.A. 8-1567." This is precisely the point defendant presses. Defendant argues that the privilege does not exist in a prosecution "for violation of K.S.A. 8-1567" but that it does exist in all other misdemeanor prosecutions, such as a prosecution of vehicular battery. On the surface, it appears that defendant's argument has merit and that the privilege should have been his to claim.

Defendant's argument, however, dissolves in the face of the doctrine of "included crimes." In *State v. Fike,* 243 Kan. 365, 367, 757 P.2d 724 (1988), Justice Holmes, now Chief Justice Holmes, wrote:

"A lesser offense is a crime which carries a lesser penalty than the penalty for the crime charged. A class E felony is a lesser crime than felonies designated as class A through class D; a class D felony is a lesser crime than felonies designated class A through C, and so on. *When a lesser crime falls within the statutory definitions of an included crime under K.S.A. 1987 Supp. 21-3107(2), it is an included crime of the crime charged."* (Emphasis added.)

Justice Holmes went on to say, "While the statute does not use the term 'lesser included offense,' it does refer to lesser crimes and included crimes. If a lesser crime is included in the crime charged, it is commonly referred to as a lesser included offense under 21-3107." 243 Kan. at 367.

K.S.A. 21-3107 provides in pertinent part as follows:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
(a) A lesser degree of the same crime;
(b) an attempt to commit the crime charged;
(c) an attempt to commit a lesser degree of the crime charged; or
(d) *a crime necessarily proved if the crime charged were proved."* (Emphasis added.)

As we read *Fike*, a lesser included offense is an included crime of the crime charged. Under K.S.A. 21-3107, a person charged with a crime may properly be convicted either of the crime charged or an included crime. The statute defines an included crime various ways, including "a crime necessarily proved if the crime charged were proved."

If driving while under the influence, as defined by K.S.A. 8-1567, is an "included crime" of vehicular battery, then one charged with vehicular battery could be convicted of that crime or DUI but not both. Under those circumstances, if one risks being convicted of DUI, while defending a charge of vehicular battery, it can be said that a prosecution for a violation of K.S.A 21-3405b is, at the same time, a prosecution for the included crime of DUI.

In *State v. Adams*, 242 Kan. 20, Syl. ¶ 2, 744 P.2d 833 (1987), the Supreme Court said:

"Under K.S.A. 1986 Supp. 21-3107(2)(d), the offense of driving while under the influence of alcohol is a lesser included offense of involuntary manslaughter where it is alleged as the underlying misdemeanor in the complaint/information, and all of the elements of driving under the influence of alcohol are required to establish the greater offense of involuntary manslaughter."

On page 24 of the opinion, the court went on to explain:

"In the present case, it seems clear that, in order to prove the defendant guilty of the crime of involuntary manslaughter, the State was compelled to prove all the elements necessary to prove the crime of driving while under the influence of alcohol. Involuntary manslaughter is defined as:

'the unlawful killing of a human being, without malice, which is done unintentionally in the wanton commission of an unlawful act not amounting to felony, or in the commission of a lawful act in an unlawful or wanton manner.' K.S.A. 1986 Supp. 21-3404(a).'

"The allegation that defendant Adams drove an automobile while under the influence of alcohol served as one of the elements of the charged crime of involuntary manslaughter. By proving all of the elements necessary to establish involuntary manslaughter, the State *necessarily* proved each element of the crime of driving while under the influence of alcohol, as defined by K.S.A. 1986 Supp. 8-1567. Thus, having necessarily proven the lesser offense by proving the greater offense of involuntary manslaughter, the provisions of K.S.A. 1986 Supp. 21-3107(2) prohibit finding the defendant guilty of both involuntary manslaughter and driving while under the influence of alcohol. The necessity of alleging and

proving that the defendant was driving while under the influence of alcohol precluded driving while under the influence of alcohol from being a 'factually related offense.' "

See *State v. Woodman*, 12 Kan. App. 2d 110, 735 P.2d 1102 (1987).

A first conviction of DUI is a class B misdemeanor. A second conviction is classified as a class A misdemeanor. In either case, the mandatory penalties of vehicular battery are more severe than either a first or second DUI conviction. In this case, the DUI was a lesser included offense of vehicular battery.

We hold that based on *Adams*, a crime of DUI, as defined by K.S.A. 8-1567, is an included offense of the crime of vehicular battery. In this case, each count in the complaint alleged that defendant caused bodily injury to another human being while "committing a violation of K.S.A. 8-1567." As in *Adams*, the State in the instant matter had to prove all of the elements "necessary to prove the crime of driving while under the influence" in order to prove vehicular battery.

In addition, the crime of vehicular battery is defined as a crime committed while violating K.S.A. 8-1567. The crime of DUI is a crime "necessarily proved" if the charged crime of vehicular battery is proved. The defendant in this case, under K.S.A. 21-3107, could have been convicted of the crime charged, vehicular battery, or of DUI, which was necessarily proven in order to establish the crime of vehicular battery. However, under *Adams* and under K.S.A. 21-3107, defendant could not have been convicted of both. This is a classic example of one crime being an included crime of the other. In this case, defendant ran the risk of being convicted of DUI just as surely as if he had been specifically charged with it.

We hold that DUI, as defined by K.S.A. 8-1567, is an included crime of vehicular battery. It is a crime that must "necessarily" be proven to prove vehicular battery under K.S.A 21-3107. Defendant could have been convicted of a violation of K.S.A. 8-1567 under the charges in this case. As a result, we conclude that this was a prosecution for the "violation of K.S.A. 8-1567" within the framework and meaning of K.S.A. 60-427(b).

Based upon our holding, there was no physician-patient privilege available to defendant in this case. The trial court did not err in admitting the blood alcohol test results into evidence.

Affirmed.