No. 53,653

STATE OF KANSAS, *Appellee,* v. MICHAEL C. WARWICK, *Appellant.*

(654 P.2d 403)

Opinion filed December 3, 1982.

*Charles A. O'Hara,* of O'Hara, Busch, Johnson & Falk, of Wichita, argued the cause and was on the brief for the appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, *Jack Peggs,* assistant district attorney, and *Brent Anderson,* legal intern, were on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of aggravated robbery (K.S.A. 21-3427). The State's evidence showed that on September 10, 1980, at 2:00 a.m., Randy Schneider, and a friend, Chris Ziegenfuss, returned to Schneider's home after spending the evening at various places in Wichita. As Schneider got out of his van and began walking toward his house, a man standing at the back of a red Ford pickup truck parked on the street next door to Schneider's house yelled Schneider's name and invited him over to have a beer. As Schneider walked toward the truck, the defendant, Michael C. Warwick, hit Schneider in the head with his right elbow, knocking him to the ground. The defendant was then joined by another man and the two proceeded to beat Schneider as they held him on the ground. Schneider testified that the defendant demanded his money, while the other man displayed a revolver and began banging his head with it. One of the assailants then removed the victim's wallet from his pocket, took the money out, and then threw the wallet back on top of him. Moments later the second man began striking the victim with a pistol which fired a round. Fortunately, Schneider was not struck by the bullet. Schneider reported to the police, and later testified at the trial, that $247 in cash had been removed from his

wallet by his assailants. This testimony was corroborated by Chris Ziegenfuss who testified that he observed the defendant beat Schneider, take his wallet, and remove the cash therefrom. Ziegenfuss testified that he knew Schneider had close to $400 in his wallet early in the evening as he had seen him counting it several times. Some of the money was spent during the course of the evening. Two of the victim's neighbors observed the beating and identified the defendant as one of the men involved.

The defendant testified that he went to Schneider's house with a friend and that a fight broke out between Schneider and the friend. Defendant claimed that he tried to break up the fight and, in doing so, may have struck Schneider a couple of times. Defendant testified that he did not take any money from Schneider. The jury believed the State's evidence and found defendant guilty of aggravated robbery as charged.

Defendant filed a motion for a new trial and at the hearing presented the testimony of the victim, Randy Schneider. At that hearing Schneider softened his previous testimony by stating that he had spent a substantial amount of money in the course of the evening and that he could not have had the $247 in cash which he testified at the trial was taken from his wallet. After some weaseling, he admitted that his billfold was taken from him on the night in question while he was on the ground. He testified that there was money in the billfold when it was taken out of his pocket, but he was not sure how much money was in it. Other than this change, Schneider's testimony was substantially the same as he had testified at the trial. The trial court denied defendant's motion for a new trial, and the defendant has appealed.

On the appeal, the defendant raises two points. He first contends that the trial court erred in failing to grant him a new trial after the victim admitted under oath that he had not been robbed. We find no merit to this contention. Although at the hearing the prosecutor advised the court that he and defense counsel had entered into plea negotiations in the event a new trial should be granted, the motion was submitted to the trial court for its determination. The granting of a new trial on the basis of newly discovered evidence is not a matter controlled by the prosecution. It is a determination which rests within the sound discretion of the trial court. The rules for granting a new trial because of newly

discovered evidence are stated in *State v. Johnson,* 222 Kan. 465, 471, 565 P.2d 993 (1977), as follows:

(1) The granting of a new trial for newly discovered evidence is in the trial court's discretion;

(2) A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon retrial;

(3) The credibility of the evidence offered in support of the motion is for the trial court's consideration;

(4) The burden of proof is on defendant to show the alleged newly discovered evidence could not with reasonable diligence have been produced at the trial; and

(5) The appellate review of an order denying a new trial is limited to whether the trial court abused its discretion.

After reviewing the entire record, we have concluded that the trial court did not abuse its discretion in denying the defendant a new trial in this case. At the hearing on the motion, the victim, Schneider, testified in substance that, although he may have been mistaken as to the amount of money taken from him by the defendant, his wallet and some money were in fact taken. Furthermore, we note the testimony of Chris Ziegenfuss at the trial that he saw defendant Warwick take the wallet out of Schneider's pocket and then saw Warwick take the money out of the wallet. Applying the rules set forth above, we find the first point to be without merit.

The second point raised on the appeal by the defendant is that the trial court erred in not giving an instruction on aggravated battery and battery, which he claims are lesser included offenses of aggravated robbery. The record shows that, at the trial, defense counsel stipulated (1) that aggravated battery and battery were not lesser included offenses of aggravated robbery and (2) that instructions on those crimes were neither necessary nor proper and should not be given. The State agreed. The trial court then proceeded to instruct the jury omitting any instructions on those two offenses. In our judgment, the trial court properly refused to instruct on the crimes of aggravated battery and battery. Those crimes were not charged in the information and are not lesser included offenses of aggravated robbery.

In *State v. Woods,* 214 Kan. 739, 744, 522 P.2d 967 (1974), it was held that, if a lesser offense is to be considered a lesser

included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense. In *State v. Arnold,* 223 Kan. 715, 576 P.2d 651 (1978), it was held that a lesser offense is considered a lesser included offense under K.S.A. 21-3107(2)(*d*) when all elements necessary to prove the lesser offense are present to establish the elements of the greater offense. If the lesser offense requires proof of an element not necessary in the greater, it is not a lesser included offense and the court should not give an instruction on the lesser offense. We have concluded that aggravated battery and battery are not lesser included offenses of aggravated robbery or robbery, so as to require an instruction thereon under K.S.A. 21-3107(3).

Aggravated robbery and robbery are defined as follows:

"21-3427. **Aggravated robbery.** Aggravated robbery is a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery."

"21-3426. **Robbery.** Robbery is the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force."

Battery and aggravated battery are defined as follows:

"21-3412. **Battery.** Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

"21-3414. **Aggravated battery.** Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:

"(*a*) Inflicts great bodily harm upon him; or

"(*b*) Causes any disfigurement or dismemberment to or of his person; or

"(*c*) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

It should be noted that under the statutes neither robbery nor aggravated robbery require bodily contact or the actual application of force to the person of another as a necessary element for the commission of those crimes. The State may prove the crime of robbery or aggravated robbery without proving that the robber actually touched or applied force to the person of his victim. Thus, the crimes of battery and aggravated battery are not lesser included offenses of the crimes of robbery or aggravated robbery and, therefore, it is not necessary for a trial court to instruct on

those crimes as lesser included offenses. It is not error for a court to refuse an instruction on a crime when the accused has not been charged with that crime and it is not a lesser included offense of the crime of which he has been charged. See *State v. Weigel,* 228 Kan. 194, 198, 612 P.2d 636 (1980).

The judgment of the district court is affirmed.