(825 P.2d 1141)

No. 64,598

STATE OF KANSAS, *Appellee*, v. JEFFERY L. HILL, *Appellant*.

Opinion filed July 19, 1991.

*Elizabeth Sterns,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Jeffery E. Goering,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before LARSON, P.J., LEWIS, and PIERRON, JJ.

PIERRON, J.: Jeffery L. Hill appeals his jury conviction for aggravated robbery, K.S.A. 21-3427.

Hill was charged with the aggravated robbery of Erle C. Bergstrom, Jr. Named as a codefendant in the complaint was Steven Fitch, who pleaded guilty.

At Hill's trial, Bergstrom testified that on March 17, 1989, he went to a bar in Wichita called Baby Dolls. While he was there Hill and Fitch came in and sat next to him at the bar. When Bergstrom got up to leave, he first went into the restroom. Hill and Fitch followed him. Bergstrom then went to his car. While he was putting the key in the car door, he was struck over the shoulder. He turned and saw Hill and Fitch. Both men continued

to strike and kick him and both were yelling, "Give me your wallet." The men took his wallet and fled. He ran inside and told the people in the bar to call the police.

Hill testified that he and Fitch went into Wichita, from Augusta, during the afternoon of March 17. They went to Baby Dolls, where Hill sat next to Bergstrom and talked with him. Hill and Fitch left together, with Fitch in front. When they got outside, Hill saw Fitch run around the back of a car and hit Bergstrom. Bergstrom and Fitch began to fight. Hill separated them. While Hill was standing between Fitch and Bergstrom, Bergstrom charged Hill with his head down. Hill then hit Bergstrom four times and kicked him twice. Hill denied robbing Bergstrom or having any knowledge that Fitch stole the wallet. Hill spoke with Fitch at their preliminary hearing, and Fitch admitted to him that he had stolen the wallet and smuggled the money into his cell.

Jerry Caudle, a friend of both Fitch's and Hill's, testified that Fitch told him he had taken the wallet. Fitch told Caudle that it happened so quickly that he had no idea whether Hill knew Fitch had taken the wallet.

Fitch testified that he took the wallet from Bergstrom while Hill was kicking Bergstrom. Fitch took all the money from the robbery, giving none to anyone else. Clifford Carter, a cellmate of both Fitch's and Hill's, testified that Fitch told him he was going to place all the blame on Hill because the wallet was found in Hill's truck. Hill told Carter that he was there when the robbery occurred but had not taken the money.

After the presentation of all the evidence, Hill requested that the jury be instructed on battery as a lesser included offense of aggravated robbery. The trial court refused to give the instruction. Hill was convicted and sentenced to 10 to 40 years' imprisonment pursuant to the Habitual Criminal Act. A motion to modify sentence was denied. Hill timely appealed. The sole issue on appeal is the trial court's refusal to instruct the jury on battery.

K.S.A. 21-3107(3) requires the trial court to instruct on "all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced." Among those crimes considered included offenses is "a crime

necessarily proved if the crime charged were proved." K.S.A. 21-3107(2)(d).

Aggravated robbery is "a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427. Robbery is "the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force." K.S.A. 21-3426. Battery is an "unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." K.S.A. 21-3412.

The Kansas Supreme Court has held that battery and aggravated battery are not lesser included offenses of the crimes of robbery or aggravated robbery. *State v. Warwick*, 232 Kan. 232, 654 P.2d 403 (1982). In arriving at this decision, the Supreme Court only compared the statutory elements of the crimes. It reasoned:

"[U]nder the statutes neither robbery nor aggravated robbery require bodily contact or the actual application of force to the person of another as a necessary element for the commission of those crimes. The State may prove the crime of robbery or aggravated robbery without proving that the robber actually touched or applied force to the person of his victim. Thus, the crimes of battery and aggravated battery are not lesser included offenses of the crimes of robbery or aggravated robbery and, therefore, it is not necessary for a trial court to instruct on those crimes as lesser included offenses." 232 Kan. at 235-36.

Five years after *Warwick*, the Kansas Supreme Court stated that the test for determining whether a crime was a lesser included offense under K.S.A. 21-3107(2)(d) is not limited to comparison of the statutory elements. *State v. Adams*, 242 Kan. 20, 22, 744 P.2d 833 (1987). Instead, the court issued the following two-prong test:

"First, the statutes defining the lesser offense and the greater offense must be compared to determine if all the elements of the former are included in the latter. Second, if that comparison fails to disclose an 'identity of elements', then the court must examine the complaint/information to determine if the elements of the lesser offense are alleged, and if proof thereof is required to establish the greater offense. If it is, then it is a lesser included offense within the meaning of subparagraph (2)(d)." 242 Kan. at 23-24.

Under the first prong of this test, battery is not a lesser included offense of aggravated robbery for the reason stated in *State v. Warwick*. Aggravated robbery can be committed by not actually touching the victim, if it is accomplished by threat of force and use of a dangerous weapon.

However, Hill argues that he was entitled to the instruction under the second prong of *Adams*.

In *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 (1988), Justice Holmes attempted to bring some clarity to the issue of lesser included offenses. He described the process of determining lesser included offenses as follows:

"The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. This approach is ordinarily fairly straightforward, and requires a jury instruction on a particular lesser offense whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged. For example, where the crime charged is aggravated burglary, the crime of burglary is clearly a lesser included offense, because every one of the statutory elements of burglary must of necessity be proved in establishing the elements of aggravated burglary.

"The result of the first step of the analysis, however, is not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This approach requires the trial court to carefully examine the allegations of the indictment, complaint, or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an 'included crime' under the definition in 21-3107(2)(d)." 243 Kan. at 368.

The complaint/information in this case, in appropriate part, reads as follows:

"STEVEN J. FITCH and JEFFERY L. HILL did then and there unlawfully, willfully, take the property, to-wit: a wallet containing United States monies and identification from the person of or in the presence of Erle C. Bergstrom, Junior, by force against the person of Erle C. Bergstrom, Junior, and by inflicting bodily harm upon a person, to-wit: Erle C. Bergstrom, Junior, in the course of such robbery."

Battery is defined in K.S.A. 21-3412 as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

The evidence presented by both sides in this case was that Hill helped beat up Bergstrom. The evidentiary dispute was whether Hill knew anything about the taking of the wallet and its contents from Bergstrom. "[A] defendant is entitled to an instruction on his or her theory of the case even though the evidence is slight and supported only by defendant's own testimony. [Citations omitted.]" *State v. Hunter,* 241 Kan. 629, 646, 740 P.2d 559 (1987); *State v. McLaren,* 14 Kan. App. 2d 449, 793 P.2d 763 (1990).

Two of the elements of the clumsily worded complaint/information were that Hill used force against the person of Bergstrom to take property from him. We do not think it can be seriously argued that the absence of the words "in a rude, insolent or angry manner" is significant. The proof of the use of force to accomplish a taking of property from the person of another necessarily proves the application of the force in a rude, insolent, or angry manner. Battery was, therefore, charged and proven as part of the original charge.

The State argues that it can hypothetically prove aggravated robbery without proving battery. It therefore asserts that battery cannot be given as a lesser included offense of aggravated robbery. This ignores *Fike.* There may be individual cases where battery is an appropriate lesser included offense for aggravated robbery and there will be cases where it is not, depending on the charging document and the evidence produced. To maintain that we ignore the individual facts, notwithstanding that they are set out in the charging document, and determine the appropriateness of lesser included offenses based on nonapplicable hypothetical facts is contrary to *Fike,* which was decided after *Warwick.*

The State also contends that since Hill could have (hypothetically) been convicted as an aider and abetter, battery is not a lesser included offense because an aider and abetter need not personally do anything set out in the complaint/information to be convicted. Again, we believe the State is confusing a hypothetical case with what was charged and proven in the instant case. Hill

was not charged as an aider and abetter although an instruction on aiding and abetting was given. The State's position that the giving of a lesser included offense instruction may be stymied by reference to an issue not really involved in the instant case is not sound.

The State cites *State v. Burgess*, 245 Kan. 481, 781 P.2d 694 (1989), in support of its argument. The citation is inappropriate. In *Burgess* the defendant was charged with aiding and abetting second-degree murder and the court held that involuntary manslaughter was not a lesser included offense of aiding and abetting second-degree murder. The holding in *Burgess* was that defendant could not be charged as being a principal through a lesser included offense instruction when he was charged only as an aider and abetter in the charging allegation. The cases are clearly distinguishable.

Hill should have been allowed to have his factual contention of guilt of simple battery submitted to the jury.

Reversed and remanded for a new trial.