No. 67,041
No. 67,644

STATE OF KANSAS, *Appellee,* v. SANFORD DOUGLAS CLARDY,
*Appellant.*

(847 P.2d 694)

Opinion filed March 5, 1993.

*Lucille Marino,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Michael Grosko,* assistant district attorney, argued the cause, and *Michael A. Russell,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Sanford Douglas Clardy appeals his conviction of one count of aggravated robbery and his sentence of 15 years to life. Clardy claims the trial court erred in failing to instruct the jury on the offense of battery as a lesser included offense of aggravated robbery.

Between 11:00 and 11:30 p.m. on October 2, 1990, Clardy, Marcus Eugene Coleman, Reginald Jones, and Dwayne Morgan were drinking alcoholic beverages in a Kansas City, Kansas, neighborhood. Walter Wright and Judy Summerville were walking to a grocery store in the same area. Words were exchanged between Jones and Wright. An altercation occurred. Clardy struck Wright, and Wright fell unconscious in the street.

Summerville ran to call the police. After Clardy walked away, Coleman and Jones took a small amount of money from the unconscious victim. After Clardy and his companions left the scene, a car ran over the unconscious Wright and dragged him some distance. Wright subsequently died from the injuries he sustained from being run over. Clardy, Coleman, and Jones were jointly charged, tried, and convicted of aggravated robbery.

After all the evidence had been submitted, the court instructed the jury on aggravated robbery and the lesser included offenses of robbery and theft. The defendant did not request the court to instruct the jury on the lesser offense of battery. On appeal, Clardy contends the trial court erred in failing to instruct the jury on battery as a lesser included offense of aggravated robbery.

Although Clardy failed to request an instruction on battery, the trial court's duty to instruct on lesser included offenses is independent of any such request. See *State v. Cummings*, 242 Kan. 84, Syl. ¶ 7, 744 P.2d 858 (1987). K.S.A. 21-3107 provides in part:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

. . . .

"(c) an attempt to commit a lesser degree of the crime charged; or

"(d) a crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced."

To determine whether the crime charged may include a lesser crime, a two-prong test has been developed. The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required

to prove the crime charged. This approach is ordinarily fairly straightforward and requires a jury instruction on a particular lesser offense whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged. For example, where the crime charged is aggravated burglary, the crime of burglary is clearly a lesser included offense because every one of the statutory elements of burglary must of necessity be proved in establishing the elements of aggravated burglary. *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 (1988).

The result of the first step of the analysis, however, is not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This second step requires the trial court to carefully examine the allegations of the indictment, complaint, or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document constitute an allegation of a lesser crime than the crime charged *and* if the evidence which must be adduced at trial to prove the crime charged would also necessarily prove the lesser crime, the lesser crime is an "included crime" under K.S.A. 21-3107(2)(d). *State v. Fike*, 243 Kan. at 368. See *State v. Adams*, 242 Kan. 20, 744 P.2d 833 (1987).

The information charged Clardy and the other defendants with a single count of aggravated robbery, alleging that they did "unlawfully, feloniously and willfully take property, to wit: money, from the person of another, to wit: Walter D. Wright, by force to the person of Walter D. Wright, and did inflict bodily harm upon Walter D. Wright, in the course of such robbery, in violation of K.S.A. 21-3427."

Aggravated robbery is "a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427. Robbery is "the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force." K.S.A. 21-3426. Battery is "the unlawful, intentional touching or application of force to the person of an-

other, when done in a rude, insolent or angry manner." K.S.A. 21-3412.

Clardy asserts that, because of the allegations of the information and the evidence which must be adduced at trial, under the second prong of the test for lesser included offenses, battery is a lesser included offense of robbery. He argues that under these circumstances the trial court is required to instruct the jury on the lesser offense of battery.

For authority Clardy relies on *State v. Hill*, 16 Kan. App. 2d 432, 825 P.2d 1141, *rev. denied* 249 Kan. 777 (1991). Hill was charged with aggravated robbery by taking property by force and by inflicting bodily harm in the course of the robbery. Hill's defense was that, although he hit and kicked the victim, he did not take part in the robbery. (Here, Clardy admits hitting Wright but denies any part in the robbery.) The *Hill* court first noted that in *State v. Warwick*, 232 Kan. 232, 654 P.2d 403 (1982), using only a comparison of the statutory elements of the crimes, we held that battery and aggravated battery are not lesser included offenses of robbery or aggravated robbery. It observed that *Warwick* was decided before *Adams* and *Fike*, which set out the second step under 21-3107(2)(d), and determined that the single step used in *Warwick* was no longer the only step necessary to determine if a lesser crime is an included crime. The court then proceeded under the second prong of the test for lesser included offenses. The *Hill* court noted that the information filed against Hill did not specifically state the offense was committed "in a rude, insolent, or angry manner," but found that fact was not significant. It observed that at trial there was evidence that Hill hit and kicked the victim—an element of the aggravated robbery charge—but he denied that he robbed the victim. 16 Kan. App. 2d at 436. The Court of Appeals determined the trial court erred in failing to instruct that battery was a lesser offense of aggravated robbery and reversed and remanded for a new trial.

Clardy points out that the State alleged in the information he intended to rob the victim and bodily harm was inflicted on the victim. Clardy admits he struck Wright, but claims he had no intent to rob the victim. Clardy contends, as in *Hill*, under the information and upon the evidence adduced, the court is required to instruct on the lesser offense of battery. Clardy points out his

evidence, the codefendant's testimony, and the State's evidence supported this theory.

The referenced testimony and statements are:

Clardy testified that he struck Wright and knocked him out and that about 15 minutes later Coleman and Jones went through Wright's pockets. He claimed he did not intend to steal money from Wright, did not discuss stealing money from Wright, and did not see Coleman or Jones take any money from Wright. He also stated he saw some money lying in the street and assumed it was from Wright's pockets.

Coleman testified that Clardy ran down the hill and struck Wright and then walked back up the hill. A short while later, according to Coleman, Coleman and Jones ran down the hill and took some money out of Wright's pockets. Coleman said that the taking of the money just happened, that no one knew they were going to do it, and that Clardy had not told him to go through Wright's pockets. He also said Clardy had not asked for any of the money taken from the victim or said anything about it.

Officer Fiscus testified that Coleman gave him a statement to the effect that Clardy had struck Wright with his fist and that Coleman and Jones had gone through the pockets of the unconscious man and had taken some change. He said Jones went through Wright's wallet and found nothing and replaced it inside Wright's pocket. Coleman said Clardy had not taken anything from the victim.

Detective Harris testified that Jones gave him a statement to the effect that Clardy had struck the victim. Nowhere in the interview did Jones say that Clardy took any money from Wright.

Clardy points out there is no evidence of an agreement between him and the others to rob the victim and no evidence that he assisted in the robbery.

There is no doubt that Clardy hit Wright. The dispute is whether Clardy had prior knowledge of or aided and abetted Coleman's and Jones' later act of robbing Wright. The State argues the evidence is that Clardy actually aided and abetted Cole-

man and Jones in the robbery. The State asserts that because Clardy aided and abetted Coleman and Jones in the aggravated robbery and received part of the proceeds, the court is not required to instruct on the lesser offense of battery.

The problem with this argument is that it does not negate the evidence regarding Clardy's theory of the case. Clardy notes that, as in *Hill*, he was not charged as an aider and abettor in the information, and, as in *Hill*, the jury was instructed on that theory of liability. He argues, even if he could have hypothetically been convicted of aggravated robbery without having personally committed any of the acts set forth in the information, *i.e.*, as an aider or abettor, that issue was resolved by *Hill*. We agree.

The State next argues that even under the second prong of *Fike* a jury instruction on battery was not warranted because an individual can be convicted of battery only if the touching is done in a rude, insolent, or angry manner. The State contends that, under the evidence adduced, the touching in this case was not done in a rude, insolent, or angry manner. The State points out that Clardy testified Wright said, "Which one of you think is tough enough come on with it." Clardy decided to defend himself and went towards Wright. Wright balled up his fist. Clardy defended himself by striking Wright, knocking him out. The State asserts that because Clardy was defending himself when he struck Wright, the striking was not "done in a rude, insolent, or angry manner," *i.e.*, there was no battery. The State concludes Clardy's testimony, if believed, showed he was not guilty of either aggravated robbery or battery; therefore, there was no need for the court to instruct on the crime of battery.

The State asserts the Court of Appeals, in *Hill*, glossed over the statutory elements of battery when it stated:

"We do not think it can be seriously argued that the absence [from the complaint/information] of the words 'in a rude, insolent or angry manner' is significant. The proof of the use of force to accomplish a taking of property from the person of another necessarily proves the application of the force in a rude, insolent, or angry manner." *Hill*, 16 Kan. App. 2d at 436.

We note in this case that the jury was instructed "the term 'bodily harm' is any touching of the victim against the victim's will, with physical force, in an intentional, hostile and aggravated manner." Based upon the information and the instruction, the

absence of the words "in a rude, insolent, or angry manner" is not significant.

The State's final argument is that *Hill* is not controlling. The State points out that the opinion in *Hill* was filed on July 19, 1991, and that Clardy's jury trial was in February 1991. At the time of the trial, according to the State, *Warwick* was controlling case law and that case held that battery was not a lesser included offense of aggravated robbery; presumably the trial court, by not affirmatively giving an instruction on battery as a lesser included offense, was adhering to *Warwick*. This argument is incorrect. Both *Adams* and *Fike* had been decided prior to Clardy's trial—those cases were controlling case law.

Under K.S.A. 21-3107(3), the defendant in a criminal prosecution has a right to have the court instruct the jury on all lesser included offenses established by substantial evidence. Where there is no substantial testimony applicable to the lesser degrees of the offense charged, and all of the evidence taken together shows that the offense, if committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary. *State v. Deavers*, 252 Kan. 149, 154-55, 843 P.2d 695 (1992).

When an information alleges a robbery was accomplished by force and that bodily harm was inflicted in the course of the robbery, battery will not be a lesser included offense of the aggravated robbery unless there is substantial evidence to prove the lesser offense of battery has been committed. Under the particular circumstances of this case, there is substantial evidence that the lesser degree of the offense charged had been committed, and an instruction on battery as a lesser included offense was required.

Reversed and remanded for a new trial.