No. 70,202

STATE OF KANSAS, *Appellee*, v. JESSE L. SHORTEY, JR., *Appellant.*
(884 P.2d 426)

Opinion filed October 28, 1994.

*Rebecca E. Woodman*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Jerome A. Gorman,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Jesse L. Shortey, Jr., appeals his jury trial convictions of aggravated robbery (K.S.A. 21-3427) and aggravated assault on a law enforcement officer (K.S.A. 21-3411). Shortey received a controlling term of 20 years to life for these convictions.

The convictions arise from the June 4, 1991, robbery of a Kansas City gas station attendant and defendant's arrest shortly thereafter. Additional facts will be set forth in the opinion as necessary for the resolution of particular issues.

Initially, the court must determine if it has jurisdiction to entertain this appeal. K.S.A. 22-3608(1) provides, in pertinent part: "If sentence is imposed, the defendant may appeal from the judgment of the district court not later than 10 days after the expiration of the district court's power to modify the sentence."

The notice of appeal filed herein by defendant's counsel was untimely by at least 20 days.

This court recently reviewed the general rules pertaining to an appellate court's jurisdiction to hear appeals in *State v. Ji,* 255 Kan. 101, 102-03, 872 P.2d 748 (1994), wherein we stated:

"The right of appeal is entirely a statutory right; no appellate review is required by the United States Constitution, *Griffin v. Illinois,* 351 U.S. 12, 18, 100 L. Ed. 891, 76 S. Ct. 585 (1955), or the Kansas Constitution, *State v. Smith,* 223 Kan. 47, 48, 574 P.2d 161 (1977). It is the established rule in this state that this court has no jurisdiction to entertain an appeal by a defendant in a criminal case unless the defendant appeals within the time prescribed by the statutes providing for such an appeal. See *State v. Thompson,* 221 Kan. 165, Syl. ¶ 1, 558 P.2d 1079 (1976); *State v. Shores,* 185 Kan. 586, 588, 345 P.2d 686 (1959); *State v. Sims,* 184 Kan. 587, 588, 337 P.2d 704 (1959). The Supreme Court has only such appellate jurisdiction as is conferred by statute pursuant to Article 3, Section 3, of the Kansas Constitution, and when the record discloses a lack of jurisdiction, it is the duty of the Supreme Court to dismiss the appeal. *State v. Thompson,* 221 Kan. at 167; *State v. Mitchell,* 210 Kan. 470, 471, 502 P.2d 850 (1972); *State v. Shehi,* 185 Kan. 551, Syl. ¶ 1, 345 P.2d 684 (1959)."

Thus, in general, Kansas appellate courts do not have jurisdiction to entertain an appeal in a criminal case unless a notice

of appeal is filed within the time established by the statute. However, in *State v. Ortiz*, 230 Kan. 733, 736, 640 P.2d 1255 (1982), we recognized an exception to the general rule where in the interest of fundamental fairness "a defendant either was not informed of his or her rights to appeal or was not furnished an attorney to exercise those rights or *was furnished an attorney for that purpose who failed to perfect and complete an appeal.*" (Emphasis supplied.)

Defendant has filed an affidavit of the appointed counsel responsible for the filing of the notice of appeal which sets forth the post-trial proceedings herein and which concludes: "I didn't realize that Notice of Appeal needed to be filed earlier. If that is indeed the case, it is wholly my fault, as Mr. Shortey has taken every step to insure that his appeal is prosecuted."

Under the circumstances herein, we conclude that the exception set forth in *Ortiz* should be applied, and we will, accordingly, entertain defendant's appeal.

For his first issue, defendant contends the district court erred in failing to instruct the jury on battery and aggravated battery as lesser included offenses of aggravated robbery.

The statute relative to included crimes is K.S.A. 21-3107, which provides, in pertinent part:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

(a) A lesser degree of the same crime;

(b) an attempt to commit the crime charged;

(c) an attempt to commit a lesser degree of the crime charged; or

(d) a crime necessarily proved if the crime charged were proved."

"(3) In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced. If the defendant objects to the giving of the instructions, the defendant shall be considered to have waived objection to any error in the failure to give them, and the failure shall not be a basis for reversal of the case on appeal."

In *State v. Fike*, 243 Kan. 365, 368, 757 P.2d 724 (1988), we described the two-pronged test to determine if a crime is a lesser included crime under section (2)(d):

"The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. This approach is ordinarily fairly straightforward, and requires a jury instruction on a particular lesser offense whenever all of its statutory elements will automatically be proved if the State establishes the elements of the crime as charged. For example, where the crime charged is aggravated burglary, the crime of burglary is clearly a lesser included offense, because every one of the statutory elements of burglary must of necessity be proved in establishing the elements of aggravated burglary.

"The result of the first step of the analysis, however, is not necessarily conclusive. Even if the statutory elements of the lesser offense are not all included in the statutory elements of the crime charged, a particular crime may nevertheless meet the statutory definition in 21-3107(2)(d) of an included crime under the second step of the analysis. This approach requires the trial court to carefully examine the allegations of the indictment, complaint, or information *as well as* the evidence which must be adduced at trial. If the factual allegations in the charging document allege a lesser crime which does not meet the statutory elements test *and* the evidence which must be adduced at trial for the purpose of proving the crime as charged would also necessarily prove the lesser crime, the latter is an 'included crime' under the definition in 21-3107(2)(d)."

In *State v. Gibson*, 246 Kan. 298, 300, 787 P.2d 1176 (1990), we cautioned against confusing what the State may *actually* prove in its evidence with what the State was *required* to prove to establish the crime charged, stating: "The mere fact that the evidence adduced in proving the crime charged may also prove some other crime does not make the other crime a lesser included offense under K.S.A. 21-3107(2)(d)."

Under the second prong of the *Fike* test, aggravated battery can be a lesser included offense of aggravated robbery. *State v. Warren*, 252 Kan. 169, Syl. ¶ 9, 843 P.2d 224 (1992).

Where there is no substantial testimony applicable to the lesser degrees of an offense, and all of the evidence taken together shows that the offense, if committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary. *State v. Deavers*, 252 Kan. 149, 155, 843 P.2d 695 (1992), *cert. denied* 125 L. Ed. 2d 676 (1993). The duty to

instruct exists even though the instructions have not been requested. K.S.A. 21-3107(3).

Defendant herein was charged as follows:

"[O]n or about the 4th day of June, 1991, one Jesse L. Shortey, Jr., did unlawfully, feloniously and willfully take property, to wit: money, from the person of another, to wit: Woody Davis, by force to the person of Woody Davis, and did inflict bodily harm upon Woody Davis, in the course of such robbery, in violation of K.S.A. 21-3427. (Aggravated Robbery, 'B' Felony)."

Woody Davis testified he was the only attendant in the service station and was inside the small building. Defendant was outside and hit the glass on the window, inquiring if he could use the telephone. Davis said no. Defendant then entered the building and started beating Davis. Davis was struck many times on the head, face, and shoulders and was violently thrown from one side of the room to the other. Davis testified defendant stated that he would continue beating Davis until Davis gave him the money. Defendant then removed a roll of bills from Davis' pants pocket and took a coin changer attached to Davis' pocket. Defendant then left the building.

Defendant testified that he entered the building to buy a pack of cigarettes and was told by Davis to get out as he was not supposed to be inside the building. This angered defendant, who began beating Davis and throwing him around the room as described by Davis. As to how he acquired the roll of currency and the coin changer, defendant testified:

"He's on the ground and he's pleading to me please don't hit me no more, don't hit me no more, and he pulls out this wad of money and says take this money please, just don't hit me no more, and at the state of mind that I was in, this money was in my face. I did—I took the money.
"Q. Okay. What about the coin changer?
"A. Yes, sir.
"Q. Did you take a coin changer from him?
"A. I will admit he handed me the coin changer, also."

Defendant argues that he had no intent to rob while he was beating Davis and that Davis offered him the money to stop the beating. Thus, he argues, the jury should have been instructed on aggravated battery and battery under K.S.A. 21-3107(2)(d).

Defendant relies on *State v. Hill*, 16 Kan. App. 2d 432, 825 P.2d 1141 (1991), for support. In *Hill*, defendant was charged with aggravated robbery. Defendant and his companion were accused of taking a wallet from the victim "by force" and by "inflicting great bodily harm" upon the victim. 16 Kan. App. 2d at 435. The evidence indicated defendant helped his companion beat up the victim. Defendant denied any knowledge of or taking of the wallet. He was convicted of aggravated robbery. On appeal, he contended that he was entitled to an instruction on battery. Reversing, the Court of Appeals agreed, finding that, under the *Fike* test, battery was charged and proven as part of the original charge. 16 Kan. App. 2d at 437. In so doing, however, the court cautioned:

"There may be individual cases where battery is an appropriate lesser included offense for aggravated robbery and there will be cases where it is not, depending on the charging document and the evidence produced. To maintain that we ignore the individual facts, notwithstanding that they are set out in the charging document . . . is contrary to *Fike* . . . ." 16 Kan. App. 2d at 436.

Defendant's reliance on *Hill* is misplaced. In *Hill*, unlike here, defendant denied any knowledge of or the taking of the wallet. Here, defendant admitted taking the gas station proceeds from Woody Davis. *Hill*, therefore, is distinguishable on the facts.

In *State v. Clardy*, 252 Kan. 541, 847 P.2d 694 (1993), defendant was charged and convicted of one count of aggravated robbery. He contended on appeal that he was entitled to a jury instruction on battery as a lesser included offense of aggravated robbery. Defendant denied any intent to rob the victim and denied seeing the victim robbed by defendant's companions. The evidence showed that defendant struck the victim. There was no evidence that defendant took any money from the victim. 252 Kan. at 541-45. We reversed, reasoning:

"Under K.S.A. 21-3107(3), the defendant in a criminal prosecution has a right to have the court instruct the jury on all lesser included offenses established by substantial evidence. Where there is no substantial testimony applicable to the lesser degrees of the offense charged, and all of the evidence taken together shows that the offense, if committed, was clearly of the higher degree, instructions relating to the lesser degrees of the offense are not necessary. *State v. Deavers*, 252 Kan. 149, 154-55, 843 P.2d 695 (1992).

"When an information alleges a robbery was accomplished by force and that bodily harm was inflicted in the course of the robbery, battery will not be a lesser included offense of the aggravated robbery unless there is substantial evidence to prove the lesser offense of battery has been committed. Under the particular circumstances of this case, there is substantial evidence that the lesser degree of the offense charged had been committed, and an instruction on battery as a lesser included offense was required." 252 Kan. at 547.

*Clardy* is distinguishable on its facts. The victim's testimony herein clearly establishes that an aggravated robbery occurred— as does defendant's own testimony. Under either version, defendant was able to take and intentionally did take the currency and coin changer from the person of Davis as the direct result of the beating he was inflicting upon Davis. We find no error in the trial court's failure to instruct on aggravated battery or battery under K.S.A. 21-3107.

For his second issue, defendant contends the district court erred in failing to instruct the jury on self-defense concerning the charge of aggravated assault on a law enforcement officer.

In a criminal case, a trial court must instruct the jury on the law applicable to the theories of all parties where there is evidence to support those theories. *State v. Perez*, 251 Kan. 736, Syl. ¶ 1, 840 P.2d 1118 (1992). A defendant is entitled to an instruction on his or her theory of the case even though the evidence introduced thereon is slight and supported only by defendant's own testimony. *State v. Hunter*, 241 Kan. 629, 646, 740 P.2d 559 (1987); *State v. Sullivan & Sullivan*, 224 Kan. 110, Syl. ¶ 10, 578 P.2d 1108 (1978).

Absent an instruction request, an appellate court may reverse on the failure to give a jury instruction only if the trial court's failure to instruct was clearly erroneous. The failure to instruct is clearly erroneous only if the reviewing court reaches a firm conviction that absent the alleged error there was a real possibility the jury would have returned a different verdict. *State v. Perez*, 251 Kan. 736, Syl. ¶ 4; see *State v. Cooper*, 252 Kan. 340, 341, 845 P.2d 631 (1992).

No request for a self-defense instruction was made in this case.

The pertinent facts applicable to this issue are summarized as follows. Two police officers, Cosgrove and Chronister, arrived at

the gas station almost immediately after defendant had fled the scene. The officers were cruising in the area when they saw people waving at them from the gas station's parking lot. As they were turning into the lot, the police dispatcher reported the crime on the radio. The dispatcher and citizens on the scene reported the perpetrator had fled on foot eastward to an alley. The officers separated, searching for a black male wearing a black tank top. Officer Cosgrove approached a Cadillac parked at the alley's first intersection with a street. Cosgrove observed a black male, wearing a black tank top, crouched down in the vehicle. Cosgrove radioed his partner for assistance. Defendant exited the vehicle. Cosgrove holstered his gun in order to handcuff defendant. A struggle ensued. At one point in the struggle, defendant took the officer's gun from its holster and pushed the gun barrel under the officer's chin. The officer believed he was going to be shot. The officer was able to deflect the barrel from his chin, and defendant was ultimately subdued with the assistance of Officer Chronister. Currency in the amount of $106 and the coin changer were recovered from the front seat of the Cadillac.

Defendant testified that Cosgrove had made a racial slur against him and that he struggled with the officer to protect his own life, which he believed was in danger.

Defendant contends that, applying the clearly erroneous standard of review, the conviction for aggravated assault on a law enforcement officer should be reversed and a new trial granted. We do not agree.

K.S.A. 21-3211 provides:

"A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force."

K.S.A. 21-3214(1) provides that the justification set forth in K.S.A. 21-3211 is not available to a person who "[i]s attempting to commit, committing, or escaping from the commission of a forcible felony."

Clearly, defendant herein had just committed a forcible felony and was trying to make good his escape therefrom when he was

confronted by the officer. Under the circumstances herein, K.S.A. 21-3214(1) precludes the giving of a self-defense instruction.

For his final issue, defendant contends the provisions of K.S.A. 1993 Supp. 21-4618 were erroneously applied to his conviction of aggravated assault on a law enforcement officer.

K.S.A. 1993 Supp. 21-4618 provides, in pertinent part:

"(a) Except as provided in subsection (c), probation, assignment to a community correctional services program or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. This section shall not apply to any crime committed by a person under 18 years of age.

"(b) When a court has sentenced a defendant as provided above, the court shall state in the sentencing order of the judgment form or journal entry, whichever is delivered with the defendant to the correctional institution, that the defendant has been sentenced pursuant to this K.S.A. 21-4618 and amendments thereto based on a finding by the court that a firearm was so used."

The pertinent facts are as follows. During the January 7, 1992, hearing on defendant's motion for a new trial, the State requested that the court make a determination as to whether 21-4618 would be applicable to the aggravated assault conviction. The statute's applicability was disputed. The court directed each counsel to send a letter to the court setting forth the respective position of each as to the applicability of the statute. This was done and, on March 31, 1992, the court determined that the statute applied. On April 24, 1992, the case was called for sentencing before a three judge probation board. At the hearing, defense counsel stated, in his opening remarks: "I would say that inasmuch as Judge Zukel has determined the gun statute applies in this case, I'd only direct my comments to the aspects of sentencing."

The sentence was as follows:

"JUDGE MORONEY: You were tried and convicted by a jury of two counts, one a B and one a C felony. You are sentenced to the custody of the Secretary of Corrections for the crime of aggravated robbery in violation of K.S.A. 21-3427 in Count One, aggravated assault on a law enforcement officer with a gun in violation of K.S.A. 21-3411 in Count Two to a term of not less than 15 nor

more than life in Count One and not less than 5 nor more than 20 in Count Two. I've imposed the maximum sentences in this matter due to the violent nature of the crime, the two crimes committed and the possibility that a law enforcement officer in this community could have been killed. The application for probation is denied.

"PROBATION OFFICER: Consecutive or concurrent?

"JUDGE MORONEY: The sentences are to run consecutively."

The sentencing judge made no reference to 21-4618.

The subsequent journal entry, filed May 1, 1992, stated that defendant had been mandatorily sentenced in this case pursuant to 21-4618 for use of a firearm during the commission of the crime of aggravated assault of a law enforcement officer.

Defendant contends that inasmuch as the sentencing panel made no findings relative to the applicability of 21-4618 at the time of sentencing, the statutory reference in the journal entry was ineffectual.

Defendant relies upon *State v. Royse*, 252 Kan. 394, 845 P.2d 44 (1993). In *Royse*, defendant was sentenced to maximum terms of 15 years to life on each of two counts of second-degree murder. The court failed to address whether the two sentences were to run concurrently or consecutively. When the trial court realized its omission, it ordered defendant back into court a week later and ordered the sentences to run consecutively. Defendant appealed, contending that once the sentence was imposed, the district court's power to modify the sentence was limited to reducing the sentence. 252 Kan. at 394-95.

We reversed the district court, underscoring the significance of pronouncing sentence in open court, as follows:

"Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted. *Roberts v. State*, 197 Kan. 687, Syl. ¶ 1, 421 P.2d 48 (1966). In criminal cases, the judgment must be rendered and sentence imposed in open court. The judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench. The court's judgment and sentence in a criminal case do not derive their effectiveness from the journal entry, or from any act

of the clerk; they are effective when announced. *State v. Moses*, 227 Kan. 400, Syl. ¶¶ 1, 2, 3, 607 P.2d 477 (1980).

"In *State v. Zirkle*, 15 Kan. App. 2d 674, 814 P.2d 452 (1991), the district judge sentenced the defendant to a term of one to five years' imprisonment. After imposing the sentence, the judge inquired as to the jail time the defendant had already served, vacated the sentence, and ordered that the sentence be increased to two to five years. 15 Kan. App. 2d at 675. The Court of Appeals noted *State v. Moses*, 227 Kan. at 402-03, and found that Zirkle had been sentenced when the judge announced the one- to five-year sentence from the bench.

"Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence. *State v. Zirkle*, 15 Kan. App. 2d at 678.

"Royse's sentencing was complete when orally pronounced on August 29, 1991, and could not subsequently be increased on September 5, 1991. The sentences must be served concurrently." 252 Kan. at 397-98.

Defendant's reliance on *Royse* is misplaced. K.S.A. 1993 Supp. 21-4608(a) provides:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently, except as provided in subsections (c), (d) and (e)."

By statute then, when the sentencing hearing ended and consecutive sentences had not been imposed, the sentences ran concurrently. The court in *Royse* had no authority to bring the defendant back and increase his sentence.

The sentencing court herein imposed the maximum sentence on each count and ran them consecutively. Under 21-4618(a), the court was required to impose at least the minimum sentence of imprisonment on the aggravated assault on a law enforcement officer conviction. The finding relative to 21-4618(a) that a firearm had been used in that conviction had previously been made by Judge Zukel, as noted by defense counsel. So as to that count, only the length of sentence to be imposed was before the court. There is nothing in the statutes which precludes the court's determination, prior to the actual sentencing, that 21-4618(a) applied. The inclusion in the journal entry of the recital that 21-

4618 applied to the aggravated assault on a law enforcement officer conviction accurately reflected the proceedings herein and was appropriate under 21-4618(b). We find no error in this issue.

The judgment is affirmed.