Jo Ann **NAUMOFF**, Plaintiff,

v.

Richard **OLD**, Sheriff of Wabaunsee County, Kansas, Defendant.

No. 99–2574–GTV.

United States District Court, D. Kansas.

March 26, 2001.

Robert R. Laing, Jr., Overland Park, KS, for Plaintiff.

Vincent F. O'Flaherty, Niewald & Brown, P.C., David S. Baker, Sherman, Taff & Bangert, P.C., Kansas City, MO, Michael K. Seck, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiff Jo Ann Naumoff is the mother of Jon Peter Vlachos, a former inmate of the Wabaunsee County jail who committed suicide while incarcerated at the jail. At the time of Mr. Vlachos's suicide, Defendant Richard Old was the sheriff of Wabaunsee County. Plaintiff claims that her son's suicide was the direct result of Defendant's deliberate indifference to her

son's rights, health, safety, and life.[1] She brings the instant action pursuant to 42 U.S.C. § 1983 and state negligence law. The case is now before the court on Defendant Richard Old's Motion for Summary Judgment (Doc. 43). For the reasons stated below, the court grants Defendant's motion.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. "A party opposing a properly

---

**1.** Plaintiff's complaint also names Wabaunsee County and its commissioners as defendants, but the court has since dismissed them from the case.

supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. See *id.* The court must consider the record in the light most favorable to the nonmoving party. See *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

## II. FACTUAL BACKGROUND

The following facts are taken from the summary judgment record and are either uncontroverted or viewed in the light most favorable to Plaintiff's case. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff Jo Ann Naumoff is the mother of Jon Peter Vlachos. Mr. Vlachos committed suicide while incarcerated in the Wabaunsee County jail under the charge of Defendant Richard Old, the sheriff of Wabaunsee County. Following her son's death, Plaintiff filed the instant suit against Defendant, claiming that her son's death was the result of Defendant's deliberate indifference to her son's rights, health, safety, and life.[2] Plaintiff brought the suit in her individual capacity, and not as the representative of her son's estate.

The pretrial order states Plaintiff's § 1983 claim as follows:

[Defendant] was deliberately indifferent to the safety, health and life of Jon Peter Vlachos by not undertaking any precautions whatsoever to care for his health, safety and life. Defendant . . . acted wrongfully in that (a) . . . [Defendant] owed a duty to the decedent, Jon Peter Vlachos, to provide a secure and safe jail environment; (b) . . . [Defen-

dant] was deliberately indifferent to the rights of decedent, Jon Peter Vlachos, and his safety; (c) . . . despite clear warnings, threats and previous attempts of suicide, [Defendant] failed to take reasonable measures to help prevent or avoid the suicide of Inmate Vlachos; (d) . . . [Defendant] was culpable for the death of Inmate Jon Peter Vlachos; (e) . . . the manner in which [Defendant] incarcerated Inmate Jon Peter Vlachos was inconsistent with accepted correction practices and resulted in his death.

The pretrial order then states Plaintiff's claims for damages, which include damages for Plaintiff's mental anguish and emotional suffering and damages for Plaintiff's loss of comfort, society and companionship.

## III. DISCUSSION

### A. § 1983 Claim

As noted above, Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, alleging that Defendant's deliberate indifference caused her son's death. Before reaching the merits of Plaintiff's claim, however, the court first must consider the threshold question of whether Plaintiff has standing to bring a § 1983 claim.

 It is well established that "a section 1983 claim must be based upon the violation of [the] plaintiff's rights, and not the rights of someone else." *Archuleta v. McShan,* 897 F.2d 495, 497 (10th Cir.1990) (citing *Dohaish v. Tooley,* 670 F.2d 934, 936 (10th Cir.1982)); see *Dohaish,* 670 F.2d at 936 ("[T]he § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."); *Carl v. City of Overland Park,* No. 93–2202–JWL, 1994 WL 68712, at *2 (D.Kan. Feb. 4, 1994); *Tomme v.*

---

**2.** Plaintiff also alleges that Defendant's negligence caused her son's death, but as ex-

plained in Section III.B., the court declines to consider her negligence claim.

*City of Topeka*, No. 89–2033–V, 1992 WL 81334, at *3 (D.Kan. Mar. 4, 1992). The Tenth Circuit has recognized that the proper federal remedy in § 1983 death cases is "a survival action, brought by the estate of the deceased victim." *Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir.1990). The Tenth Circuit also has recognized a § 1983 cause of action for deprivation of familial association. See *Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1186, 1189 (10th Cir.1985); see also *Tomme*, 1992 WL 81334, at *4. A claim for deprivation of familial association may be brought by a family member of a decedent who has a constitutionally protected interest in her relationship with the decedent. See *Trujillo*, 768 F.2d at 1189.

In *Trujillo v. Board of County Commissioners*, the Tenth Circuit considered a case in which a decedent's mother and sister brought a § 1983 action for the wrongful death of their son/brother. See *id.* at 1187. The mother and sister claimed that the wrongful death of the decedent deprived them of their constitutional right of familial association. See *id.* The defendants argued that the plaintiffs lacked standing and failed to state a claim. See *id.* In holding that the plaintiffs had standing, the court stated that "the [plaintiffs] clearly allege an injury to their own personal constitutional rights. These rights in no way derive from the decedent's personal rights, nor do the [plaintiffs] sue on his behalf. Therefore they have standing...." *Id.* at 1187 (footnote omitted). The Trujillo court then noted that "the sole issue on appeal is whether the [plaintiffs] allege a *deprivation* of those constitutional rights compensable under section 1983." *Trujillo*, 768 F.2d at 1188 (emphasis in original). The court determined that the plaintiffs had not sufficiently alleged a deprivation of the right to familial association, because the plaintiffs did not allege an intent to interfere with the mother-son or sister-

brother relationship: "Although the complaint alleges intent with respect to [the decedent's] rights, this intent may not be transferred to establish intent to deprive his mother and sister of their constitutionally protected rights." *Id.* at 1190. The court concluded that "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983," and held that the case was properly dismissed for failure to state a claim. *Id.; see also Torres v. Pueblo Bd. of County Comm'rs*, No. 98–1412, 2000 WL 1346347, at *2 (10th Cir. Sept. 19, 2000); *Bryson v. City of Edmond*, 905 F.2d 1386, 1394 (10th Cir.1990) ("Nowhere in the complaint is there an allegation that any claimed acts or omissions, however intentional, occurred with the specific intent on the part of the defendants to deprive the plaintiffs of their rights of association with the victims.").

■ In the instant case, Plaintiff sued Defendant in her individual capacity, not as the representative of the estate of her son. The pretrial order portrays her claim as a wrongful death action, which is not recognized as a federal remedy under § 1983 in the Tenth Circuit. See *Berry*, 900 F.2d at 1506–07 ("The remedy should be a survival action, brought by the estate of the deceased victim...."). Therefore, unless Plaintiff can convince the court that her claim is actually a claim for deprivation of familial association, she lacks standing.

■ Nowhere in the pretrial order is "deprivation of familial association" mentioned. Furthermore, each claim Plaintiff states is for harm inflicted upon her deceased son. The only clue that Plaintiff's claim might be one for loss of familial association is the fact that she does claim damages for her own mental anguish and emotional suffering and her own loss of

comfort, society and companionship. Even Plaintiff's response to Defendant's summary judgment motion does not clarify her claim; it cites Trujillo, along with cases from other circuits, but does not explain that Plaintiff's claim mirrors the claim in Trujillo.

The court concludes that Plaintiff has not made a claim for deprivation of familial association. Consequently, she lacks standing. This case is distinguishable from Trujillo, where the court found standing because "the [plaintiffs] clearly alleg[ed] an injury to their own personal constitutional rights." *Trujillo*, 768 F.2d at 1188. Here, Plaintiff has not "clearly alleg[ed] an injury to [her] own personal constitutional rights." She therefore lacks standing to bring this case, and it must be dismissed for lack of subject matter jurisdiction.

 Even if the court were to conclude that Plaintiff has alleged injury to her own rights, she still fails to state a claim. Trujillo requires that a plaintiff allege intent to interfere with a relationship to state a claim for deprivation of familial association. See *id.* at 1990. Plaintiff has alleged no such intent. Accordingly, the court grants Defendant's summary judgment motion with respect to Plaintiff's § 1983 claim.[3]

### B. State Negligence Claim

Having dismissed Plaintiff's claim over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claim. See 28 U.S.C. § 1367(c)(3) (1994); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant's motion for summary judgment (Doc. 43) is granted.

The case is closed.

Copies of this order shall be mailed to counsel of record.

**IT IS SO ORDERED.**

---

**3.** Although Defendant's summary judgment motion contains additional arguments why the court should grant summary judgment, the court need not address them. The aforementioned grounds are independently sufficient to warrant judgment for Defendant.