NOT DESIGNATED FOR PUBLICATION

No. 112,121

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH WADE,
*Appellant.*


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed September 18, 2015. Affirmed in part and dismissed in part.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Susan Alig*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Kenneth Wade appeals his conviction for a severity level 7 person felony of aggravated battery arguing he is entitled to a new trial because the district court violated Crystal Sammons' rights under the Kansas Victims' Bill of Rights, K.S.A. 2014 Supp. 74-7333, or, in the alternative, his conviction should be void because K.S.A. 2014 Supp. 21-5413(b)(1)(C) defining aggravated battery is unconstitutionally vague. This court finds Wade has no standing to assert Sammons' rights under K.S.A. 2014 Supp. 74-7333, and the phrase "can be inflicted" in the aggravated battery statute is not unconstitutionally vague. We dismiss in part and affirm in part.

1

On September 13, 2013, Kenneth Wade stopped by Crystal Sammons' house after work. Sammons and Wade have one daughter together and, on the day in question, Sammons was approximately 2-1/2 months pregnant. An argument ensued between Wade and Sammons over his drinking, resulting in Wade slapping Sammons across the face, hitting her lip rings, and splitting open her bottom lip. During the argument Sammons lost consciousness for a short period of time. A 911 call was placed. The responding officers found Sammons' face and clothes covered in blood which appeared to be coming from her lip. Sammons stated Wade had punched her multiple times and prevented her from leaving the house. Officers entered the house and found Wade asleep with no visible injuries. Subsequently, Sammons was taken to the hospital where she received six stitches in her bottom lip. She had red marks and bruising on her arms and chest.

Wade was charged with severity level 4 aggravated battery. Upon Wade's arrest, Sammons became a reluctant witness. After ignoring a subpoena and failing to appear at a preliminary hearing, the district court found Sammons in contempt of court and ordered her incarcerated for 3 days. At trial, Sammons stated she was only testifying because the district court told her that if she again refused to appear she could be put back in jail. Sammons' testimony at trial was significantly different from her initial statements to the responding officers and treating physician.

Wade waived his right to a jury trial and agreed to a bench trial. The district court found Wade guilty of the lesser included offense of severity level 7 aggravated battery. Wade was sentenced to 32 months' imprisonment to run consecutive to the sentence for which he was on parole, and 12 months' postrelease supervision. Wade timely appealed.

ANALYSIS

*Does Wade Have Standing?*

On appeal, Wade argues he is entitled to a new trial because the district court violated Sammons' rights under K.S.A. 2014 Supp. 74-7333(a)(1). Wade did not raise this issue below; however, pursuant to Kansas Supreme Court Rule 6.02(a)(5), Wade asks this court to consider the issue because it involves only a question of law and is finally determinative of the case.

Generally, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are several exceptions to the general rule, including: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014); but see *State v. Williams*, 299 Kan. 509, 532, 324 P.3d 1078 (2014) (subject matter jurisdiction can be raised at any time).

Wade asserts that because "the issue only involves questions of law, specifically whether a defendant has standing to challenge the violation of a victim's rights under the Victims' Bill of Rights and, if so, whether [Sammons'] rights were violated," this court should reach the issue. However, this issue is not solely an issue of law. Whether Sammons' rights were violated is a mixed question of fact and law. Wade failed to properly preserve this issue for appeal.

Even if this issue had been properly preserved, Wade lacks standing.

"Standing is a jurisdictional question whereby courts determine 'whether the plaintiff has alleged such a personal stake in the outcome of a controversy as to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on his or her behalf.' [Citation omitted.] A party must have a sufficient stake in the outcome of an otherwise justiciable controversy in order to obtain judicial resolution of that controversy. [Citation omitted.] Because standing implicates the court's jurisdiction to hear a case, the existence of standing is a question of law over which this court's scope of review is unlimited. [Citation omitted.]" *Board of County Comm'rs. v. Bremby*, 286 Kan. 745, 750-51, 189 P.3d 494 (2008).

"To have standing, a party must satisfy any statutory standing requirements and meet the traditional tests for standing." *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, Syl. ¶ 2, 307 P.3d 1255 (2013). Wade asserts that the jailing of Sammons while pregnant violated her right to be treated with courtesy and compassion pursuant to K.S.A. 2014 Supp. 74-7333.

"Generally, standing must be based on a violation of a plaintiff's personal rights, not a violation of a third party's rights, but there are special situations in which a litigant may bring an action on behalf of a third party. See *Powers v. Ohio,* 499 U.S. 400, 410-11, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991); *Naumoff v. Old,* 167 F. Supp. 2d 1250, 1252 (D. Kan. 2001). To have this third-party standing, the litigant: (1) 'must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute'; (2) 'must have a close relation to the third party'; and (3) 'there must exist some hindrance to the third party's ability to protect his or her own interests.' *Powers,* 499 U.S. at 411." *Landrith v. Jordan*, No. 109,138, 2014 WL 1302623, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* ___ Kan. ___ (April 29, 2015).

Wade asks this court to grant him third-party standing because (1) he suffered an injury-in-fact when Sammons was incarcerated because "[a] witness jailed because of failing to obey a State subpoena could reasonably believe that failure to testify in strict

4

accord with the State's theory may similarly result in further punishment"; (2) he shares a common interest with Sammons in seeing the reversal of his conviction; and (3) it is unlikely that the victim of a crime would assert her own rights under the statute.

Wade does not meet the requirements for third-party standing under *Powers*. First, even if there was a violation of K.S.A. 2014 Supp. 74-7333(a)(1), Wade suffered no cognizable injury. Sammons was required to appear and testify to the truth of what occurred. She was not required to testify in strict accord with the State's theory of the case. Second, Wade does not share a common interest with Sammons. "The purpose of the bill of rights for victims of crime is to ensure the fair and compassionate treatment of such victims. See K.S.A. 1997 Supp. 74-7333(a). In order to do so, the bill of rights ensures that victims will receive certain minimum rights." *State v. Parks*, 265 Kan. 644, 648, 962 P.2d 486 (1998). Sammons was the victim of the alleged crime. The victim of the crime and the alleged perpetrator do not have a common interest in seeing the alleged perpetrator go unpunished. Finally, there is nothing preventing Sammons from asserting her own rights under the statute. Being incarcerated while pregnant would seem to be a sufficient incentive to protect her own rights.

Wade does not have standing to assert Sammons' rights on appeal under K.S.A. 2014 Supp. 74-7333. Because Wade lacks standing, this court declines to consider Wade's argument on behalf of Sammons and we dismiss his claim.

*Unconstitutionally Vague*

Also, for the first time on appeal, Wade argues K.S.A. 21-5413(b)(1)(C), defining aggravated battery as battery whereby great bodily harm "can be inflicted," is unconstitutionally vague. Despite not raising this issue at the trial court, Wade argues this court can reach this issue because it involves solely a question of law, and the constitutionality of a statute is a question of law over which this court exercises de novo

review. Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). However, since this involves solely a question of law, we choose to answer Wade's claim. See *Phillips*, 299 Kan. at 493.

K.S.A. 2014 Supp. 21-5413(b)(1)(C) defines aggravated battery as "knowingly causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." Wade argues the phrase "can be inflicted" is unconstitutionally vague because it gives no direction as to the threshold of possible harm required under the statute and thus "does not give fair warning nor adequately guard against arbitrary enforcement."

> "The interpretation of a statute and the determination of its constitutionality are questions of law over which an appellate court has unlimited review. When a court considers the constitutionality of a statute, the separation of powers doctrine requires the court to presume the statute is constitutional. Consistent with this principle, all doubts must be resolved in favor of the statute's validity, and a court must interpret the statute in a manner that makes it constitutional if there is any reasonable way to do so within the apparent intent of the legislature in passing the statute. *State v. Laturner,* 289 Kan. 727, 735, 218 P.3d 23 (2009)." *State v. Landwehr,* No. 107,273, 2013 WL 2917879, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1206 (2013).

Multiple panels of this court have found the language "can be inflicted" in K.S.A. 2014 Supp. 21-5413(b)(1)(C) is not unconstitutionally vague. See *State v. Kleber,* 2 Kan. App. 2d 115, 118-19, 575 P.2d 900 (holding "can be inflicted" was not unconstitutionally vague), *rev. denied* 225 Kan. 846 (1978); *State v. Seck*, No. 110,786, 2015 WL 1401954, at *11 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* April 14, 2015; *Landwehr,* 2013 WL 2917879, at *4 (holding "can be inflicted" language was not overly

6

vague). Because the language is not unconstitutionally vague, Wade's argument fails and we affirm his conviction for aggravated battery.

Dismissed in part and affirmed in part.